**SO ORDERED.**

**SIGNED this 6th day of May, 2016.**





Robert E. Nugent
United States Chief Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: | |
| ABENGOA BIOENERGY BIOMASS OF KANSAS, LLC. | Case No. 16-10446<br>Chapter 11 |
| **Debtor.** | |

### ORDER DENYING STAY PENDING APPEAL OF ORDER DENYING MOTION FOR INTER-DISTRICT TRANSFER OF CASE TO DELAWARE (Dkt. 69)

Debtor seeks an order staying, pending appeal, this Court's order denying its motion to transfer this case to the District of Delaware. While preparing this Order, the Court was advised that the debtor has also filed an emergency motion for stay pending appeal with the U.S. Bankruptcy Appellate Panel for the Tenth Circuit. In light of that filing, and in order to clear the BAP's field in considering its emergency motion, the court FINDS AND ORDERS as follows:

1

Courts grant stays pending appeal upon a showing of one or more the following grounds: (1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay or injunction is not granted; (3) the absence of harm to opposing parties if the stay or injunction is granted; and (4) any risk of harm to the public interest. *F.T.C. v. Mainstream Mktg. Servs., Inc.*, 345 F.3d 850, 852 (10th Cir. 2003) (*citing Homans v. City of Albuquerque*, 264 F.3d 1240, 1243 (10th Cir. 2001)). I address these factors in order.

1. *Likelihood of Success*

The standard of review on a court's order granting or denying a motion to transfer under Fed. R. Bankruptcy. P. 1014(b) is abuse of discretion, the most deferential standard. The court's findings of fact are reviewed for clear error. In its motion, the debtor calls out several "errors" it says mandate that the transfer denial order be reversed.

The first involves the Court's supposed ignorance of the position of the United States Department of Energy's (DOE) position in this matter. Note first that the DOE did not participate in the evidentiary hearing on April 13, 2016 other than to listen via telephone to the proceedings. I allowed its counsel to make a statement in oral argument outlining its position in the case, which counsel did. There is neither sworn testimony nor even a declaration outlining either the factual or legal position of the Government in this matter. DOE's counsel's statement did reflect, however, that the DOE does NOT claim a security interest in the ethanol plant that is the subject matter (and sole asset) in this case.

**2**

The second "error" alleged is that this Court ignored evidence of a looming debtor-in-possession financing order (DIP Order) that could be only be considered and approved in the Delaware. There is no record support for that conclusion, either. The debtor's witness testified that DIP financing had been discussed and that there is a master workout plan, but he could supply no details whatever concerning those efforts. As of the hearing date, there had not been a DIP motion filed in the Delaware cases. Meanwhile, this court has already presided over a utilities motion under 11 U.S.C. § 366 and entered an order for adequate assurance concerning the debtor's electrical source.

The third "error" asserted here arises from the debtor's misconstruing my comments pertaining to DIP financing. My order noted that there was no reason why this debtor couldn't benefit from financing approved by the Delaware court in the lead case there. I did note that this Court might have a say concerning the potential encumbrance of this debtor's assets, but I certainly do not claim any powers of "review" over my distinguished Delaware colleagues' orders. Nor could I.

Finally, my prior Order carefully considered the transfer factors for convenience and the interests of justice and discussed the law that applies to transfer motions, *based on the factual record the debtor presented to me*. I do not consider that debtor will succeed on the merits in this appeal.

2. *Threat of Irreparable Harm*

Nothing in debtor's motion suggests how the debtor will be irreparably harmed by this case proceeding here while its appeal of the transfer order is pending. The

bare allegation that the transfer order somehow "thwarted" the DIP financing, unsupported by any record, cannot be enough to support my staying the prior order. There is no demonstrated reason DIP financing cannot be accorded to the Kansas debtor.

3.  *Harm to Opposing Parties*

Entering an order that stays an order *denying* transfer only creates a confusing limbo. Granting that relief will not stay other proceedings in this case. Instead, if the debtor insists on proceeding in Delaware, it will have duties to two courts—the very duplication of effort it so fervently decries. As debtor is aware, the Delaware bankruptcy court has already stayed debtor's case pending there.[1]

4.  *Public Interest*

Nothing serves the public interest more than judges doing their jobs. To this Court, that means finding facts based upon evidence offered and applying the law to those facts. For good or ill, this case and transfer motion has been filed in this Court and, as a judge, this Court had a duty to conduct a hearing on the merits of the transfer motion and decide it on that evidence, not on argument or "statements." The debtor's hyperbolic assertions that the larger Abengoa case somehow hinges on this one or that this is somehow "too big a deal" to be heard here do not vitiate that duty.

Nor do debtor's statements that other bankruptcy courts have transferred Abengoa cases to other venues (the Bankruptcy Court for the Eastern District of Missouri) to be jointly administered with other affiliates demonstrate error *in this*

---

[1] *See In re Abeinsa,* No. 16-10790, Dkt. 155, p. 5, ¶ 4 entered May 2, 2016.

4

*case* or otherwise harm the public interest. It appears that oral argument was made on such transfer motions, but no evidentiary hearing was held.[2] And as debtor has repeatedly emphasized, the Abengoa affiliates in the Missouri bankruptcy proceedings differ from this debtor.

This Court is but a captive of the record the debtor made. Despite counsel's yeoman efforts on short notice, that record did not warrant transferring this case to Delaware. No purpose would be served by staying this order and, indeed, to do so, might inject a further layer of confusion and effort onto this and the Delaware case.

Debtor's motion for Stay Pending Appeal is DENIED. **The Court shall convene a telephonic conference call with the parties appearing on the transfer motion on Monday, May 9, 2016 at 2:00 p.m. CDT. The Clerk will be contacting counsel with the call-in information.**

###

---

[2] *See In re Abengoa Bioenergy Company, LLC,* No. 16-20178 (Bankr. D. Kan.), Dkt. 44 entered March 1, 2016 (transferring case to Bankr. E.D. Mo.); *In re Abengoa Bioenergy of Nebraska, LLC,* No. 16-80141 (Bankr. D. Neb.), Dkt. 51 entered March 1, 2016 (transferring case to Bankr. E.D. Mo.).