# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re:<br><br>ABENGOA BIOENERGY BIOMASS OF KANSAS, LLC,<br><br>                             Debtor. | Case No. 16-10446<br><br>Chapter 11 |

## STIPULATION AND SETTLEMENT AGREEMENT BY AND BETWEEN
## THE DEBTOR AND COGENT, INC.

The above-captioned debtor and debtor in possession (the "Debtor") and Cogent, Inc. (the "Lienholder", and together with the Debtor, the "Parties" and each, a "Party"), by and through their respective undersigned counsel, do hereby stipulate and agree (the "Settlement Agreement") as follows:

**WHEREAS**, on March 23, 2016 (the "Petition Date"), three subcontractors asserting disputed state-law lien claims against the Debtor filed an involuntary petition in the United States Bankruptcy Court for the District of Kansas (the "Court") under chapter 7 of the Bankruptcy Code;

**WHEREAS**, on April 8, 2016, the Court entered an order converting the case to a case under chapter 11 of the Bankruptcy Code [Docket No. 33];

**WHEREAS**, at various times prior to the Petition Date, the Lienholder provided certain goods, equipment and/or supplies to the Debtor (the "Equipment") to improve the Debtor's plant in Hugoton, Kansas (the "Plant");

**WHEREAS**, in connection with that Equipment, the Lienholder filed a mechanic's lien(s) in Stevens County, Kansas, seeking to secure the Debtor's indebtedness owed to the Lienholder;

**WHEREAS**, on August 26, 2016, the Lienholder filed a Proof of Claim which includes a secured claim in this chapter 11 case in the amount of $501,057.34 [Claim No. 26] (the "Claim");

**WHEREAS**, the Debtor, the Lienholder, and several additional other alleged mechanic's lienholders, have been involved in certain state-court litigation as well as adversary litigation in this chapter 11 case with respect to certain materials delivered to, and certain services performed at the Plant, including the Equipment (collectively, the "Litigation"); and

**WHEREAS**, after several discussions and negotiations, and in an effort to fully and finally settle the Claim and the Litigation as it pertains to the Lienholder, the Parties have agreed to enter into this stipulation.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED THAT:**

1. In order to fully and finally resolve the Claim and the Litigation as pertaining to the Lienholder's secured claim based upon the mechanic's lien, (a) the Debtor shall pay the Lienholder $465,000 in immediately available funds, within seven (7) business days after the Court's approval of this Settlement Agreement, in full and complete satisfaction of the Claim (the "Claim Payment"); and (b) within three (3) business days following actual receipt of the Claim Payment, the Lienholder shall (i) withdraw the Claim based upon the secured mechanic's lien claim, and file an amended proof of claim limited to the alleged unsecured debt, and shall not be entitled to receive any distribution on account of such secured Claim, and (ii) dismiss with prejudice that portion of the Litigation as it pertains to the Lienholder's mechanic's lien claim.

2. For good and valuable consideration, the adequacy of which is hereby confirmed, the Debtor and the Lienholder, each on behalf of itself and its respective successors

and assigns, each in its capacity as such (collectively, the "Releasing Parties") shall, upon approval of this Settlement Agreement by the Court insofar as it relates to the secured mechanic's lien claim, be deemed to forever release, waive and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action and liabilities (other than the rights to enforce this Settlement Agreement) against the other Party and its current and former officers, affiliates, partners, directors, employees, agents, managers, members, advisors and professionals, together with their respective successors and assigns (collectively, the "Released Parties"), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the date hereof, in any way relating to the Debtor, this chapter 11 case, the Services, the Claim, or the Litigation, and that could have been asserted by or on behalf of the Releasing Parties, whether directly, indirectly, derivatively or in any representative or any other capacity (if any) (the foregoing, collectively, the "Released Claims"), provided, however, that this release shall not apply to the unsecured portion of the Lienholder's claim; Lienholder's claim filed in the Abeinsa EPC LLC bankruptcy, number 16-10792-KJC, pending in the United States Bankruptcy Court for the District of Delaware; and Lienholder's claim filed in the Abengoa Bioenergy of Illinois, LLC bankruptcy, number 16-44195, pending in the United States Bankruptcy Court for the Eastern District of Missouri.

3. The order of the Court approving this Settlement Agreement shall provide that the Releasing Parties are permanently enjoined from: (a) commencing, conducting or continuing in any way, directly or indirectly, any suit, action or other proceeding of any kind with respect

to the Released Claims (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Released Parties or any of their property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing or any property of any such transferee or successor; (b) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order against the Released Parties or any of their property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing persons, or any property of any such transferee or successor with respect to Released Claims; and (c) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Released Parties or any of their property, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing persons with respect to Released Claims; provided, however, that nothing contained herein shall preclude such persons from exercising their rights, or obtaining benefits, pursuant to and consistent with the terms of this Settlement Agreement.

4. The order approving this Settlement Agreement shall provide that no plan, structured dismissal, or other order of the Court will abrogate, decrease or otherwise adversely affect the releases and injunctive provisions set forth in this Settlement Agreement and the order approving this Settlement Agreement. This Settlement Agreement shall be binding on any subsequently appointed chapter 7 trustee of the Debtor's estate.

5. This Settlement Agreement shall not be modified, altered, amended or vacated without the written consent of the Parties hereto. Oral modification shall not be permitted.

6. For purposes of construing this Settlement Agreement, none of the Parties shall be deemed to have been the drafter of the Settlement Agreement.

7. Each Party agrees to submit to the exclusive jurisdiction of the Court for any action to enforce or interpret this Settlement Agreement.

8. This Stipulation may be executed in counterparts, each of which will be deemed an original, but all of which together will constitute one and the same agreement. Signatures to this Settlement Agreement transmitted by facsimile transmission, by electronic mail in "portable document format" (".pdf") form, or other electronic means will have the same effect as physical delivery of the paper document bearing an original signature.

9. This Settlement Agreement shall be in full force and effect upon approval by the Court.

10. Counsel to the Parties are authorized to sign this Settlement Agreement on behalf of their respective clients.

[*Remainder of Page Intentionally Left Blank*.]

Dated: February 3, 2017

| | |
|---|---|
| s/ *Christine L. Schlomann* | **SHUTTLEWORTH LAW FIRM, LLC** |
| Christine L. Schlomann, KS # 18712 | |
| **ARMSTRONG TEASDALE** | */s/ Keith J. Shuttleworth* |
| 2345 Grand Blvd., Suite 1500 | Keith J. Shuttleworth (#15283) |
| Kansas City, Missouri 64108 | 9260 Glenwood |
| Telephone: (816) 472-3153 | Overland Park, KS 66212 |
| Fax: (816) 221-0786 | 913-322-7575  Fax No. 913-322-7576 |
| cschlomann@armstrongteasdale.com | keith@shuttlelaw.com |
| | |
| -and- | ***Attorney for Cogent, Inc. d/b/a Lee Mathews and d/b/a BRI*** |
| | |
| Vincent P. Slusher (TX 00785480) | |
| David E. Avraham (IL 6308516) | |
| **DLA Piper LLP (US)** | |
| 1717 Main Street, Suite 4600 | |
| Dallas, Texas 75201-4629 | |
| Telephone: (214) 743-4500 | |
| vince.slusher@dlapiper.com | |
| david.avraham@dlapiper.com | |
| | |
| ***Co-Counsel for the Debtor*** | |