**SO ORDERED.**

**SIGNED this 6th day of October, 2017.**



_____
Robert E. Nugent
United States Bankruptcy Judge

_____

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE:<br><br>ABENGOA BIOENERGY BIOMASS OF KANSAS, LLC<br><br>        Debtor. | CHAPTER 11<br>CASE NO. 16-10446 |

## AGREED ORDER REGARDING
## NON-WAIVER OF PRIVILEGE AND CLAW BACK PROTOCOL

Upon the agreement of debtor Abengoa Bioenergy Biomass of Kansas, LLC ("ABBK"), the Official Committee of Unsecured Creditors of Abengoa Bioenergy Biomass of Kansas (the "Committee"), and Drivetrain, LLC in its capacity as the Liquidating Trustee of the trust created under the _Third Amended Joint Plans of Liquidation of the Debtors and the Official Committee of Unsecured Creditors under Chapter 11 of the Bankruptcy Code_, as modified by the _Order Confirming Third Amended Joint Plans of Liquidation of the Debtors and the Official Committee of Unsecured Creditors under Chapter 11 of the Bankruptcy Code_, Case No. 16-41161-659

In the United States Bankruptcy Court for the District of Kansas
In Re: Abengoa Bioenergy Biomass of Kansas, LLC
Bankruptcy Case No. 16-10446-7
Agreed Order Regarding Non-Waiver of Privilege and Claw Back Protocol

Page 2

(Bankr. E.D. Mo.) ("Drivetrain") and pursuant to 11 U.S.C. §§ 105(a) and Rule 502(d) of the Federal Rules of Evidence; and the Court having found just and sufficient cause therefor,

**IT IS HEREBY ORDERED THAT:**

1.     The production of documents and other electronically stored information ("ESI") between or among ABBK, the Committee, and Drivetrain in connection with the contested matters in the above-captioned case regarding objections to each of the proposed plans of liquidation and associated disclosure statements filed by ABBK and Drivetrain shall, to the fullest extent permitted by Rule 502(d) of the Federal Rules of Evidence, be without prejudice to and shall not waive, for purposes of this case or otherwise, any attorney-client privilege, work product protection, or other privilege or protection against disclosure that otherwise would apply.

2.     A producing party may assert privilege or protection over previously produced documents or ESI at any time by notifying the receiving parties in writing of the assertion of privilege or protection, except that:

a.   affirmative use of ESI or a document by the producing party in the case waives privilege and protection with respect to that ESI or document, and with respect to other ESI and documents to the extent provided by Rule 502(a) of the Federal Rules of Evidence; and

b.   upon a receiving party's use in the case of ESI or a document that was produced by a producing party, that producing party must promptly assert any claimed privilege or protection over it and request return or destruction thereof.

3.     Upon actual or contsructive notice of the assertion of privilege or protection over produced documents or ESI, or upon a reasonable determination by a receiving party that a

In the United States Bankruptcy Court for the District of Kansas
In Re: Abengoa Bioenergy Biomass of Kansas, LLC
Bankruptcy Case No. 16-10446-7
Agreed Order Regarding Non-Waiver of Privilege and Claw Back Protocol

Page 3

producing party would likely assert privilege over any produced document or ESI, the receiving party shall:

    a.  to whatever extent it contests the assertion of privilege or protection, promptly so notify the producing party, and maintain the contested documents and ESI in confidence pending resolution of the contest by the Court; and

    b.  to whatever extent the receiving party does not contest the assertion of privilege or protection, promptly certify in writing to the producing party that it has returned or destroyed the applicable document(s) or ESI, and has made reasonably diligent efforts to identify and destroy each copy thereof and all information derived therefrom; provided that reasonable diligence will not include destruction of copies on disaster recovery media.

    4.    In the event of a contested assertion of privilege or protection over produced documents or ESI that cannot be resolved amicably after meeting and conferring in good faith, either party may bring the contest to the attention of the Court by motion.

# # #

In the United States Bankruptcy Court for the District of Kansas
In Re: Abengoa Bioenergy Biomass of Kansas, LLC
Bankruptcy Case No. 16-10446-7
Agreed Order Regarding Non-Waiver of Privilege and Claw Back Protocol

Page 4

Submitted by:


By:  s/  *Christine L. Schlomann*
Christine L. Schlomann, KS # 18712
Richard W. Engel, Jr. MO #34641
Erin M. Edelman, MO #67374
**ARMSTRONG TEASDALE LLP**
2345 Grand Blvd., Suite 1500
Kansas City, Missouri  64108
Telephone: (816) 472-3153
Fax: (816) 221-0786
cschlomann@armstrongteasdale.com
rengel@armstrongteasdale.com
eedelman@armstrongteasdale.com

-and-

David E. Avraham (IL 6308516)
**DLA Piper LLP (US)**
444 W. Lake Street, Suite 900
Chicago, Illinois 60606-0089
Telephone:  (312) 368-4000
david.avraham@dlapiper.com


R. Craig Martin (DE 005032)
Kaitlin M. Edelman (DE 005924)
**DLA Piper LLP (US)**
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
craig.martin@dlapiper.com
kaitlin.edelman@dlapiper.com


*Co-Counsel for the Debtor*

In the United States Bankruptcy Court for the District of Kansas
In Re: Abengoa Bioenergy Biomass of Kansas, LLC
Bankruptcy Case No. 16-10446-7
Agreed Order Regarding Non-Waiver of Privilege and Claw Back Protocol

Page 5

Agreed to by:

By: _s/ Robert L. Baer_____
Robert L. Baer (KS #9387)
112 SW 6th Avenue, Suite 408
Topeka, Kansas 66603
(785) 730-8542
rbaer@epitrustee.com

and

Michael A. VanNiel, OH #0073948
Kelly S. Burgan, OH #0073649
Alexis C. Beachdell, OH #0083642
BAKER & HESTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, Ohio 44114-1214
(26) 621-0200
Fax: (216) 696-0740
mvanniel@bakerlaw.com
kburgan@bakerlaw.com
abeachdell@baker.law.com

COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF ABENGOA BIOENERGY BIOMASS OF KANSAS, LLC

In the United States Bankruptcy Court for the District of Kansas
In Re: Abengoa Bioenergy Biomass of Kansas, LLC
Bankruptcy Case No. 16-10446-7
Agreed Order Regarding Non-Waiver of Privilege and Claw Back Protocol

Page 6


By:  _s/ Mark V. Bossi_____
Mark V. Bossi, Esq. KS # 13719
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, Missouri 63101
Telephone (314) 552-6000
Facsmile: (314) 552-7000
mbossi@thompsoncoburn.com

and

Christopher R. Donoho, III
Ronald J. Silverman
M. Shane Johnson
Raphaella S. Ricciardi
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
Telephone: 212-918-3000
Facsimile: 212-918-3100
Chris.donoho@hoganlovells.com
Ronald.silverman@hoganlovells.com
Shane.johnson@hoganlovells.com
Raphaella.riciardi@hoganlovells.com

COUNSEL TO THE MISSOURI LIQUIDATING TRUSTEE