# EXHIBIT A

**Liquidating Trust Agreement**

**LIQUIDATING TRUST AGREEMENT**

This Liquidating Trust Agreement (the "**Liquidating Trust Agreement**") is made this __ day of _____, 2017, by and among Abengoa Bioenergy Biomass of Kansas, LLC (the "**Debtor**"), the Official Committee of Unsecured Creditors (the "**Creditors' Committee**"), and Mark D. Kozel, Managing Director of BDO USA, LLP, as trustee (the "**Liquidating Trustee**").

**RECITALS**

**WHEREAS**, on March 23, 2016, three creditors asserting then-disputed state law lien claims against the Debtor filed an involuntary petition in the Bankruptcy Court under chapter 7 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Kansas (the "**Bankruptcy Court**"); and

WHEREAS, on April 8, 2016, the Bankruptcy Court entered an order converting the involuntary case to a case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**"); and

**WHEREAS**, the Debtor filed the *Disclosure Statement Dated as of April 14, 2017 for Debtor's Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* (the "**Disclosure Statement**"), and the *Debtor's Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*, dated as of April 14, 2017 (as the same may be further modified, amended, and/or supplemented from time to time, the "**Plan**");[1] and

**WHEREAS**, on ____________, 2017, the Bankruptcy Court entered an order confirming the Plan (the "**Plan Confirmation Order**"); and

**WHEREAS**, the Plan's Effective Date occurred on __________, 2017; and

**WHEREAS**, the Plan contemplates, on the Effective Date, (i) the creation of a Liquidating Trust (the "**Liquidating Trust**") and the creation of the beneficial interests in the Liquidating Trust of holders of Allowed General Unsecured Claims entitled to Distributions as described in the Plan (collectively, the "**Beneficiaries**" and each, individually, a "**Beneficiary**"), and (ii) the Liquidating Trust will be vested with (i) all Causes of Action of the Debtor, including, without limitation, any and all Causes of Action for which the Creditors' Committee was granted standing and authority to prosecute, resolve, settle and compromise in the Chapter 11 Case, but excluding those expressly waived in the Plan, and (ii) all other unencumbered assets of the estate of the Debtor created pursuant to section 541 of the Bankruptcy Code upon the conversion of the Chapter 11 Case Debtor's Estate remaining after all required payments have been made pursuant to the Plan, the Confirmation Order and this Liquidating Trust Agreement, as applicable (all such Assets vesting in the Liquidating Trust are collectively referred to as the "**Liquidating Trust Assets**"), to be liquidated and distributed to the Beneficiaries, as set forth in the Plan; and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

**WHEREAS**, the Plan contemplates that, pursuant to Treasury Regulation Section 301.7701-4, the Liquidating Trust shall be created for the primary purpose of liquidating the Liquidating Trust Assets and for making Distributions in accordance with the Plan and this Liquidating Trust Agreement, with no objective to continue or engage in the conduct of a trade or business, except only in the event and to the extent necessary to, and consistent with, the liquidating purpose of the Liquidating Trust; and

**WHEREAS**, the Liquidating Trust is intended to qualify as a grantor trust for U.S. federal income tax purposes under the Internal Revenue Code of 1986, as amended (the "**IRC**"), with the Beneficiaries to be treated as if they had received a distribution from the Estate of an undivided interest in each of the Liquidating Trust Assets (to the extent of the value of their respective share in the applicable assets) and then contributed such interests to the Liquidating Trust, and the Beneficiaries will be treated as the grantors and owners thereof; and

**WHEREAS**, the Liquidating Trustee has agreed to serve as such upon the terms and subject to the conditions set forth in this Liquidating Trust Agreement.

**NOW, THEREFORE**, in accordance with the Plan, in consideration of the premises, the mutual agreements of the parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and affirmed, the parties hereby agree as follows:

## ARTICLE I
## DECLARATION OF TRUST

1.1 Creation and Purpose of the Liquidating Trust. The Debtor and the Liquidating Trustee hereby create the Liquidating Trust for the primary purpose of liquidating the Liquidating Trust Assets and making Distributions in accordance with the Plan and this Liquidating Trust Agreement, with no objective to continue or engage in the conduct of a trade or business, except only in the event and to the extent necessary to, and consistent with, the liquidating purpose of the Liquidating Trust. The Liquidating Trust will not be deemed a successor-in-interest of the Estate for any purpose other than as specifically set forth in the Plan and this Liquidating Trust Agreement.

1.2 Declaration of Trust. In order to declare the terms and conditions hereof, and in consideration of the confirmation of the Plan, the Debtor and the Liquidating Trustee have executed this Liquidating Trust Agreement and, effective on the Effective Date, hereby irrevocably transfer to the Liquidating Trust all of the right, title, and interests of the Debtor in and to the Liquidating Trust Assets, to have and to hold unto the Liquidating Trust and its successors and assigns forever, under and subject to the terms of the Plan and the Plan Confirmation Order, for the benefit of the Beneficiaries (to the extent of their respective legal entitlements) and their successors and assigns as provided for in this Liquidating Trust Agreement and in the Plan and Plan Confirmation Order.

1.3 Vesting of Estate Assets. On the Effective Date, pursuant to the terms of the Plan and sections 1123, 1141 and 1146(a) of the Bankruptcy Code, all Liquidating Trust

Assets shall be vested in the Liquidating Trust, which also shall be authorized to obtain, liquidate, and collect all of the Liquidating Trust Assets not in its possession and pursue all of the Causes of Action that constitute Liquidating Trust Assets under the Plan; provided, however, that the Liquidating Trustee may abandon or otherwise not accept any Liquidating Trust Assets that the Liquidating Trustee believes, in good faith, to have no value to the Liquidating Trust. Any Liquidating Trust Assets that the Liquidating Trustee so abandons or otherwise does not accept shall not be property of the Liquidating Trust. In addition, on the Effective Date, the Liquidating Trust shall (a) take possession of all books, records, and files of the Debtor and the Estate, and (b) provide for the retention and storage of such books, records, and files until such time as the Liquidating Trust determines, in accordance with this Liquidating Trust Agreement, that retention of same is no longer necessary or beneficial. Subject to the provisions of the Plan, all Liquidating Trust Assets shall be delivered to the Liquidating Trust free and clear of all Liens, Claims, and Equity Interests except as otherwise specifically provided in the Plan or in the Plan Confirmation Order.

1.4 Acceptance by Liquidating Trustee. The Liquidating Trustee hereby accepts the trust imposed under this Liquidating Trust Agreement and agrees to observe and perform that trust on and subject to the terms and conditions set forth in this Liquidating Trust Agreement, the Plan, and the Plan Confirmation Order. In connection with and in furtherance of the purposes of the Liquidating Trust, the Liquidating Trustee hereby accepts the transfer of the Liquidating Trust Assets.

1.5 Name of the Liquidating Trust. The Liquidating Trust established hereby shall be known as the "**ABBK Liquidating Trust**."

## ARTICLE II
## THE LIQUIDATING TRUSTEE

2.1 Appointment. In accordance with the Plan, the Creditors' Committee has selected Mark D. Kozel, Managing Director of BDO USA, LLP as the Liquidating Trustee for the Liquidating Trust. The Liquidating Trustee's appointment shall be effective as of the Effective Date and continue until the earlier of (a) the termination of the Liquidating Trust or (b) the Liquidating Trustee's resignation, death, or removal.

2.2 General Powers. The Liquidating Trustee shall be the exclusive trustee of the Liquidating Trust and the Liquidating Trust Assets for purposes of 31 U.S.C. § 3713(b) and 26 U.S.C. § 6012(b)(3). The Liquidating Trustee shall have all duties, obligations, rights, and benefits assumed by, assigned to, or vested in the Liquidating Trust under the Plan, the Plan Confirmation Order, this Liquidating Trust Agreement, and any other agreement entered into pursuant to or in connection with the Plan. Except as otherwise provided in this Liquidating Trust Agreement, the Plan, or the Plan Confirmation Order, the Liquidating Trustee may control and exercise authority over the Liquidating Trust Assets, over the acquisition, management, and disposition thereof, and over the management and conduct of the business of the Liquidating Trust. No person dealing with the Liquidating Trust shall be obligated to inquire into the Liquidating Trustee's authority

in connection with the acquisition, management, or disposition of Liquidating Trust Assets. Without limiting the foregoing, but subject to the Plan, the Plan Confirmation Order, and other provisions of this Liquidating Trust Agreement, the Liquidating Trustee shall be expressly authorized to, with respect to the Liquidating Trust and the Liquidating Trust Assets:

(a) Exercise all power and authority that may be or could have been exercised, commence all proceedings that may be or could have been commenced, and take all actions that may be or could have been taken with respect to the Liquidating Trust Assets by any officer, partner, agent, representative, or other party acting in the name of the Debtor or the Estate with like effect as if duly authorized, exercised, and taken by action of such officer, partner, agent, representative, or other party under sections 704 and 1106 of the Bankruptcy Code as the Debtor's representative appointed for such purpose pursuant to section 1123(b)(3) of the Bankruptcy Code;

(b) Open and maintain bank accounts on behalf of or in the name of the Liquidating Trust, take and exercise ownership and control over any existing debtor in possession bank accounts, calculate and make Distributions and take other actions consistent with the Plan and the implementation thereof, including the establishment, re-evaluation, adjustment, and maintenance of appropriate reserves, in the name of the Liquidating Trust;

(c) Receive, manage, invest, supervise, and protect the Liquidating Trust Assets, subject to the limitations provided herein;

(d) Hold legal title to any and all Liquidating Trust Assets;

(e) Subject to the applicable provisions of the Plan, collect and liquidate all Liquidating Trust Assets pursuant to the Plan;

(f) Review and, where appropriate, object to Claims and supervise and administer the resolution, settlement, and payment of all Claims and Interests and Distributions to the Beneficiaries in accordance with this Liquidating Trust Agreement, the Plan, and the Plan Confirmation Order;

(g) Subject to Section 3.2 of this Liquidating Trust Agreement and Section IV.F of the Plan, investigate, prosecute, compromise, and settle all Causes of Action vested in the Liquidating Trust;

(h) (i) Seek a determination of tax liability under section 505 of the Bankruptcy Code, (ii) file any and all tax and information returns required with respect to the Debtor and the Liquidating Trust, (iii) make tax elections for and on behalf of the Debtor and the Liquidating Trust, and (iv) pay taxes or other obligations incurred by the Liquidating Trust;

(i) Calculate and implement Distributions to applicable Beneficiaries as provided for, or contemplated by, the Plan, the Plan Confirmation Order, and this Liquidating Trust Agreement;

(j) Withhold from the amount distributable to any person such amount as may be sufficient to pay any tax or other charge which the Liquidating Trustee has determined, in its sole discretion, may be required to be withheld therefrom under the income tax laws of the United States, any foreign country, or of any state, local, or political subdivision of either;

(k) Enter into any agreement or execute any document required by or consistent with the Plan, the Plan Confirmation Order, or this Liquidating Trust Agreement and perform all obligations thereunder;

(l) Purchase and carry any insurance policies and pay any insurance premiums and costs that the Liquidating Trustee deems reasonably necessary or advisable;

(m) Retain and compensate, without further order of the Bankruptcy Court, the services of employees, professionals, and consultants to advise and assist in the administration, prosecution, and distribution of the Liquidating Trust Assets;

(n) Implement, enforce, or discharge all of the terms, conditions, and all other provisions of, and all duties and obligations under, the Plan, the Plan Confirmation Order, and this Liquidating Trust Agreement;

(o) Resolve issues involving Claims and Interests in accordance with the Plan, including the power to file, prosecute, settle or otherwise resolve objections to Claims, and to subordinate and recharacterize Claims by objection, motion, or adversary proceeding;

(p) Undertake all administrative functions of the Chapter 11 Case, including the payment of fees payable to the Office of the United States Trustee and the ultimate closing of the Chapter 11 Case;

(q) Appear and participate in any proceeding before the Bankruptcy Court or any other court with proper jurisdiction with respect to any matter regarding or relating to this Liquidating Trust Agreement, the Plan, the Plan Confirmation Order, Liquidating Trust, or the Liquidating Trust Assets; and

(r) Take all other actions consistent with the provisions of the Plan that the Liquidating Trustee deems reasonably necessary or desirable to administer the Plan.

2.3 Limitations on the Liquidating Trustee. Notwithstanding anything under applicable law, this Liquidating Trust Agreement, or the Plan to the contrary, the Liquidating Trustee shall not do or undertake any of the following:

(a) Take any action that would jeopardize treatment of the Liquidating Trust as a "liquidating trust" for federal income tax purposes.

(b) Exercise any investment power other than the power to invest in demand and time deposits in banks or savings institutions, or other temporary liquid investments, such as short term certificates of deposit or Treasury bills or other investments that a "liquidating trust" within the meaning of Treasury Regulation Section 301.7701-4(d) may be permitted to hold,

pursuant to the Treasury Regulations or any Internal Revenue Service ("**IRS**") guidelines, whether set forth in IRS rulings, revenue procedures, other IRS pronouncements, or otherwise.

(c) Receive or retain any operating assets of a going concern business, a partnership interest in a partnership that holds operating assets, or fifty percent (50%) or more of the stock of a corporation with operating assets, except as is absolutely necessary or required under the Plan and the Plan Confirmation Order; provided, however, that in no event shall the Liquidating Trustee receive or retain any such asset or interest that would jeopardize treatment of the Liquidating Trust as a "liquidating trust" for federal income tax purposes.

2.4 Compensation of the Liquidating Trustee. The Liquidating Trustee shall be paid fair and reasonable compensation, in an amount equal to his normal hourly rate, currently $400 per hour, as may be adjusted from time to time in the normal course. The Liquidating Trustee shall not be required to file a fee application or seek any approval from the Bankruptcy Court to receive compensation or be reimbursed for expenses under the terms of this Liquidating Trust Agreement.

2.5 Reimbursements. The Liquidating Trustee, any agents or consultants employed pursuant to this Liquidating Trust Agreement, and any professionals or representatives retained by the Liquidating Trust shall be reimbursed from the Liquidating Trust Assets for all reasonable out-of-pocket expenses incurred in the performance of their duties hereunder in addition to any compensation received.

2.6 Liquidating Trust Operating Expenses. The Liquidating Trust Assets will be used to pay all liabilities, costs and expenses of the Liquidating Trust, including compensation then due and payable to the Liquidating Trustee, [his/her]agents, representatives, professionals and employees and all costs, expenses, and liabilities incurred by the Liquidating Trustee in connection with the performance of [his/her] duties. The reasonable fees and expenses of the Liquidating Trustee and [his/her]counsel and agents will be paid out of the Liquidating Trust Assets, without need of Bankruptcy Court approval.

2.7 Investments. The Liquidating Trust may invest Cash (including any earnings thereon or proceeds therefrom) as permitted by section 345 of the Bankruptcy Code or in other prudent investments, provided, however, that such investments are permitted to be made by a liquidating trust within the meaning of Treasury Regulation section 301.7701-4(d), as reflected therein, or under applicable IRS guidelines, rulings, or other controlling authorities.

2.8 Replacement of the Liquidating Trustee. The Liquidating Trustee shall be subject to removal only by the Bankruptcy Court upon application or motion by a Beneficiary of the Liquidating Trust, after notice and a hearing, and for cause shown, including (a) the willful and continued refusal by the Liquidating Trustee to perform its duties under the Plan and this Liquidating Trust Agreement, and (b) gross negligence, willful misconduct, fraud, embezzlement, or theft. The Liquidating Trustee may resign at any time upon thirty (30) days' written notice delivered to the Bankruptcy Court, provided

that such resignation shall become effective only upon the appointment of a permanent or interim successor Liquidating Trustee. In the event of the resignation or removal, death or incapacity of the Liquidating Trustee, the Creditors' Committee shall designate another Person or Entity to serve as Liquidating Trustee. Upon its appointment, the successor Liquidating Trustee, without any further act, shall become fully vested with all of the rights, powers, duties, and obligations of its predecessor and all responsibilities of the predecessor Liquidating Trustee relating to the Liquidating Trust shall be terminated; provided, however, that the original Liquidating Trustee's right to indemnification shall survive termination and are subject to the provisions of Article IV hereof.

2.9 Liquidating Trust Continuance. The death, incapacity, resignation, or removal of the Liquidating Trustee shall not terminate the Liquidating Trust or revoke any existing agency created by the Liquidating Trustee pursuant to this Liquidating Trust Agreement or invalidate any action theretofore taken by the Liquidating Trustee, and the successor Liquidating Trustee agrees that the provisions of this Liquidating Trust Agreement shall be binding upon and inure to the benefit of the successor Liquidating Trustee and all its successors or assigns.

## ARTICLE III
## PROSECUTION AND RESOLUTION OF ESTATE CAUSES OF ACTION

3.1 The Liquidating Trust's Exclusive Authority To Pursue, Settle, or Abandon Estate Causes of Action. In accordance with Section IV.H of the Plan, from and after the Effective Date, prosecution and settlement of all Causes of Action transferred to the Liquidating Trust shall be the sole responsibility of the Liquidating Trust pursuant to this Plan and the Confirmation Order. From and after the Effective Date, the Liquidating Trust shall have exclusive rights, powers, and interests of the Debtor's Estate to pursue, settle or abandon such Causes of Action as the sole representative of the Debtor's Estate pursuant to Bankruptcy Code section 1123(b)(3). Proceeds recovered from all Causes of Action will be deposited into the Liquidating Trust and will be distributed by the Liquidating Trustee to the beneficiaries in accordance with the provisions of the Plan and this Liquidating Trust Agreement. All Causes of Action that are not expressly released or waived under this Plan are reserved and preserved and vest in the Liquidating Trust in accordance with this Plan. No Person may rely on the absence of a specific reference in the Plan, the Plan Supplement, or the Disclosure Statement to any Cause of Action against it as any indication that the Liquidating Trustee will not pursue any and all available Causes of Action against such Person. The Liquidating Trustee expressly reserves all Causes of Action, except for any Causes of Action against any Person that are expressly released or waived under the Plan, and, therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), or laches, shall apply to such Causes of Action upon, after, or as a consequence of confirmation or consummation of the Plan. No claims or Causes of Action against the Released Parties shall be transferred to the Liquidating Trust, the Liquidating Trustee shall not have standing to pursue such claims or Causes of Action, and all such claims and Causes of Action shall be waived, released and discharged pursuant to the Plan.

3.2 Settlement of Estate Causes of Action. The Liquidating Trustee, and in accordance with the provisions of and subject to the limitations set forth in the Plan, shall have standing, authority, power, and right to assert, prosecute, and/or settle the Causes of Action[, including making a claim under any D&O Insurance Policies, employment practices liability, or fiduciary liability insurance policies] based upon its powers as a bankruptcy-appointed representative of the Debtor' Estate with the same or similar abilities possessed by insolvency trustees, receivers, examiners, conservators, liquidators, rehabilitators, or similar officials.

3.3 Preservation of Right to Conduct Investigations. Any and all rights to conduct investigations pursuant to Bankruptcy Rule 2004 held by the Debtor prior to the Effective Date shall vest with the Liquidating Trust and shall continue until dissolution of the Liquidating Trust.

3.4 Privilege. Solely with respect to carrying out the Liquidating Trust's functions, the attorney-client privilege, work product doctrine or other privileges or immunities inuring to the benefit of the Debtor or the Creditors' Committee, as applicable, or attaching to documents or communications of the Debtor or the Creditors' Committee, as applicable, shall be transferred to the Liquidating Trust. The Liquidating Trustee is authorized to assert or waive any such privilege or doctrine, as necessary or appropriate for the administration of the Liquidating Trust. The Creditors' Committee's professionals shall share with the Liquidating Trustee's professionals any documents and information.

## ARTICLE IV
## LIABILITY OF LIQUIDATING TRUSTEE

4.1 Standard of Care; Exculpation. Neither the Liquidating Trustee nor any affiliate, employee, employer, professional, agent, or representative of the Liquidating Trustee shall be liable for losses, claims, damages, liabilities, or expenses in connection with the affairs or property of the Liquidating Trust to any Beneficiary of the Liquidating Trust, or any other person, for the acts or omissions of the Liquidating Trustee; provided, however, that the foregoing limitation shall not apply as to any particular person or entity as to any losses, claims, damages, liabilities, or expenses suffered or incurred by any Beneficiary that are found by a final judgment by a court of competent jurisdiction (not subject to further appeal) to have resulted primarily and directly from the fraud, gross negligence, or willful misconduct of such person or entity. Every act done, power exercised, or obligation assumed by the Liquidating Trust, the Liquidating Trustee, or any affiliate, employee, employer, professional, agent, or representative of the Liquidating Trustee pursuant to the provisions of this Liquidating Trust Agreement or the Plan shall be held to be done, exercised, or assumed, as the case may be, by the Liquidating Trust, the Liquidating Trustee, or any affiliate, employee, employer, professional, agent, or representative of the Liquidating Trustee acting for and on behalf of the Liquidating Trust and not otherwise; provided however, that none of the foregoing entities or persons are deemed to be responsible for any other such entities' or persons' actions or inactions outside of the scope of the authority provided by the Liquidating Trust. Except as provided in the proviso of the first sentence of this Section 4.1 with respect to any Beneficiary, every

person, firm, corporation, or other entity contracting or otherwise dealing with or having any relationship with the Liquidating Trust, the Liquidating Trustee, or any affiliate, employee, employer, professional, agent, or representative of the Liquidating Trustee shall have recourse only to the Liquidating Trust Assets for payment of any liabilities or other obligations arising in connection with such contracts, dealings, or relationships and the Liquidating Trust, the Liquidating Trustee, any director, officer, affiliate, employee, employer, professional, agent, or representative of the Liquidating Trustee shall not be individually liable therefor.

4.2 Indemnification.

(a) Except as otherwise set forth in the Plan or Plan Confirmation Order, the Liquidating Trustee, and any affiliate, employee, employer, professional, agent, or representative of the Liquidating Trustee (each, an "**Indemnified Party**" and collectively, the "**Indemnified Parties**"), shall be defended, held harmless, and indemnified from time to time by the Liquidating Trust against any and all losses, liabilities, expenses (including attorneys' fees and disbursements), damages, taxes, suits, or claims that the Liquidating Trustee or his professionals may incur or sustain by reason of being or having been a Liquidating Trustee or professionals of the Liquidating Trustee for performing any functions incidental to such service; provided, however, such indemnity shall not apply to any such loss, liability, expense, damages, tax, suit, or claim to the extent it is found in a final judgment by a court of competent jurisdiction (not subject to further appeal) to have resulted primarily and directly from the bad faith, willful misconduct, reckless disregard of duty, criminal conduct, gross negligence, fraud, or self-dealing of such person or entity. Satisfaction of any obligation of the Liquidating Trust arising pursuant to the terms of this Section shall be payable only from the Liquidating Trust Assets, may be advanced prior to the conclusion of such matter, and such right to payment shall be prior and superior to any other rights to receive a Distribution of the Liquidating Trust Assets.

(b) The Liquidating Trust shall promptly pay expenses reasonably incurred by any Indemnified Party in defending, participating in, or settling any action, proceeding, or investigation in which such Indemnified Party is a party or is threatened to be made a party or otherwise is participating in connection with the Liquidating Trust Agreement or the duties, acts, or omissions of the Liquidating Trustee, upon submission of invoices therefor, whether in advance of the final disposition of such action, proceeding, or investigation or otherwise. Each Indemnified Party hereby undertakes, and the Liquidating Trust hereby accepts its undertaking, to repay any and all such amounts so advanced if it shall ultimately be determined that such Indemnified Party is not entitled to be indemnified therefor under this Liquidating Trust Agreement.

4.3 No Liability for Acts of Successor/Predecessor Liquidating Trustees. Upon the appointment of a successor Liquidating Trustee and the delivery of the Liquidating Trust Assets to the successor Liquidating Trustee, the predecessor Liquidating Trustee and any director, officer, affiliate, employee, employer, professional, agent, or representative of the predecessor Liquidating Trustee shall have no further liability or responsibility with respect thereto. A successor Liquidating Trustee shall have no duty to examine or inquire into the acts or omissions of its immediate or remote predecessor and no successor

Liquidating Trustee shall be in any way liable for the acts or omissions of any predecessor Liquidating Trustee unless a successor Liquidating Trustee expressly assumes such responsibility. A predecessor Liquidating Trustee shall have no liability for the acts or omissions of any immediate or subsequent successor Liquidating Trustee for any events or occurrences subsequent to the cessation of its role as Liquidating Trustee.

4.4 Reliance by Liquidating Trustee on Documents or Advice of Counsel. Except as otherwise provided in this Liquidating Trust Agreement, the Liquidating Trustee and any affiliate, employee, employer, professional, agent, or representative of the Liquidating Trustee may rely, and shall be protected from liability for acting, upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document reasonably believed by the Liquidating Trustee to be genuine and to have been presented by an authorized party. The Liquidating Trustee shall not be liable for any action taken or suffered by the Liquidating Trustee in reasonable reliance upon the advice of counsel or other professionals engaged by the Liquidating Trustee in accordance with this Liquidating Trust Agreement.

4.5 Insurance. All of the Debtor' rights and its Estate's rights under any insurance policy to which the Debtor and/or the Debtor' Estate may be beneficiaries shall vest with the Liquidating Trust for the benefit of the Beneficiaries of the Liquidating Trust and all of the beneficiaries of such policies. The Liquidating Trust may purchase, using Liquidating Trust Assets, and carry all insurance policies and pay all insurance premiums and costs the Liquidating Trustee deems reasonably necessary or advisable, including, without limitation, purchasing any errors and omissions insurance with regard to any liabilities, losses, damages, claims, costs, and expenses it may incur, including but not limited to attorneys' fees, arising out of or due to its actions or omissions, or consequences of such actions or omissions, other than as a result of its fraud or willful misconduct, with respect to the implementation and administration of the Plan or this Liquidating Trust Agreement.

## ARTICLE V
## GENERAL PROVISIONS CONCERNING ADMINISTRATION OF THE LIQUIDATING TRUST

5.1 Register of Beneficiaries. The Liquidating Trust shall maintain at all times a register of the names, Distribution addresses, amounts of Allowed Claims and the ratable interests in the Liquidating Trust of the Beneficiaries (the "**Register**"). The Liquidating Trustee shall cause the Register to be kept at its office or at such other place or places as may be designated by the Liquidating Trustee from time to time.

5.2 Books and Records. On the Effective Date, the Liquidating Trust shall: (a) take possession of all books, records, and files of the Debtor and the Estate; and (b) provide for the retention and storage of such books, records, and files until such time as the Liquidating Trust determines, in accordance with the Liquidating Trust Agreement, that retention of same is no longer necessary or beneficial. The Liquidating Trust shall maintain in respect of the Liquidating Trust and the Beneficiaries books and records

relating to the Liquidating Trust Assets and income realized therefrom and the payment of expenses of and claims against or assumed by the Liquidating Trust in such detail and for such period of time as may be necessary to enable it to make full and proper reports in respect thereof.

5.3 Quarterly Reporting Obligations to Bankruptcy Court and Payment of Statutory Fees. In no event later than thirty (30) Business Days after the end of the first full month following the Effective Date and on a quarterly basis thereafter until all Cash in the Liquidating Trust has been released or paid out in accordance with the Plan and this Liquidating Trust Agreement, the Liquidating Trustee shall file with the Bankruptcy Court a report setting forth the amounts, recipients, and dates of all Distributions made by the Liquidating Trustee under the Plan and hereunder through each applicable reporting period.

5.4 Filing of Monthly and Quarterly Reports and Payment of Statutory Fees. The filing of the final monthly operating report (for the month in which the Effective Date occurs) and all subsequent quarterly Liquidating Trust reports shall be the responsibility of the Liquidating Trustee. Statutory fees shall be paid as such fees may thereafter accrue and be due and payable in accordance with the applicable schedule for payment of such fees. Statutory Fees relating to any period of time after the Effective Date shall be paid by the Liquidating Trustee from funds in the Liquidating Trust. Such obligation to pay Statutory Fees shall continue until such time as the Chapter 11 Case is closed, dismissed, or converted.

5.5 Filing of Tax Returns. The Liquidating Trust shall be responsible for filing all federal, state, local, and foreign tax returns for Liquidating Trust and the Debtor.

## ARTICLE VI
## BENEFICIAL INTERESTS AND BENEFICIARIES

6.1 Interest Beneficial Only. The ownership of a beneficial interest in the Liquidating Trust shall not entitle any Beneficiary to any title in or to the Liquidating Trust Assets or to any right to call for a partition or division of the Liquidating Trust Assets or to require an accounting.

6.2 Evidence of Beneficial Interest. Ownership of a beneficial interest in the Liquidating Trust shall not be evidenced by any certificate, security, or receipt or in any other form or manner whatsoever, except as maintained on the books and records of the Liquidating Trust by the Liquidating Trustee.

6.3 Transfers of Beneficial Interests. Beneficial interests in the Liquidating Trust shall be nontransferable except upon death of the interest holder or by operation of law. The Liquidating Trust shall not have any obligation to recognize any transfer of Claims or Interests occurring after the Effective Date. Only those holders of Claims and Interests of record stated on the transfer ledgers as of the close of business on the Effective Date, to the extent applicable, shall be entitled to be recognized for all purposes hereunder.

6.4 Absolute Owners. The Liquidating Trustee may deem and treat the Beneficiary reflected as the owner of a beneficial interest on the Register as the absolute owner thereof for the purposes of receiving Distributions and payments on account thereof for federal and state income tax purposes and for all other purposes whatsoever.

6.5 Change of Address. A Beneficiary may, after the Effective Date, select an alternative Distribution address by notifying the Liquidating Trustee in writing of such alternative Distribution address. Absent such notice, the Liquidating Trustee shall not recognize any such change of Distribution address. Such notification shall be effective only upon receipt by the Liquidating Trustee.

6.6 Effect of Death, Dissolution, Incapacity, or Bankruptcy of Beneficiary. The death, dissolution, incapacity, or bankruptcy of a Beneficiary during the term of the Liquidating Trust shall not operate to terminate the Liquidating Trust during the term of the Liquidating Trust nor shall it entitle the representative or creditors of the deceased, incapacitated, or bankrupt Beneficiary to an accounting or to take any action in any court or elsewhere for the Distribution of the Liquidating Trust Assets or for a partition thereof nor shall it otherwise affect the rights and obligations of the Beneficiary under this Liquidating Trust Agreement or in the Liquidating Trust.

6.7 Standing. Except as expressly provided in this Liquidating Trust Agreement, the Plan, or the Plan Confirmation Order, a Beneficiary does not have standing to direct the Liquidating Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any party (other than against the Liquidating Trustee to the extent provided in this Liquidating Trust Agreement) upon or with respect to the Liquidating Trust Assets.

## ARTICLE VII
## PROCEDURES FOR RESOLVING AND TREATING DISPUTED CLAIMS

7.1 Incorporation of Plan Provisions. As of the Effective Date, the Liquidating Trust shall assume responsibility for all Claims matters established by the Plan and shall be vested with any and all rights and defenses the Debtor had with respect to any Claim or Interest immediately prior to the Effective Date.

7.2 Objections to Claims. The Liquidating Trustee shall be entitled to file objections to all Claims and Interests that are otherwise not deemed Allowed Claims or Equity Interests under the Plan and Plan Confirmation Order. Any objections to Claims shall be served and filed on or before one hundred twenty (120) days after the Effective Date or (ii) such later date as may be fixed by the Bankruptcy Court in accordance with the Plan. If an objection has not been filed to a Claim or the Schedules have not been amended with respect to a Claim that (a) was scheduled by the Debtor but (b) was not scheduled as contingent, unliquidated, and/or disputed, by the Claims Objection Bar Date, as the same may be extended by order of the Bankruptcy Court, the Claim to which the Proof of Claim or scheduled Claim relates will be treated as an Allowed Claim if such Claim has not been Allowed earlier by a Final Order of the Bankruptcy Court.

7.3 Estimation of Claims. At any time, the Liquidating Trustee may request that the Bankruptcy Court estimate any contingent or unliquidated Claim to the extent permitted by section 502(c) of the Bankruptcy Code regardless of whether the Liquidating Trustee or the Debtor have previously objected to such Claim or whether the Bankruptcy Court has ruled on any such objection, and the Bankruptcy Court shall have jurisdiction to estimate any Claim at any time during litigation concerning any objection to such Claim, including during the pendency of any appeal relating to any such objection. If the Bankruptcy Court estimates any contingent or unliquidated Claim, that estimated amount shall constitute either the Allowed amount of such Claim or a maximum limitation on the Claim, as determined by the Bankruptcy Court. If the estimated amount constitutes a maximum limitation on the Claim, the Liquidating Trustee may elect to pursue supplemental proceedings to object to the ultimate allowance of the Claim. All of the aforementioned Claims objection, estimation and resolution procedures are cumulative and not exclusive of one another. Claims may be estimated and subsequently compromised, settled, withdrawn or resolved by any mechanism approved by the Bankruptcy Court.

## ARTICLE VIII
## DISTRIBUTIONS

8.1 Distributions to Beneficiaries from Liquidating Trust Assets. All payments to be made by the Liquidating Trust to any Beneficiary or any other party shall be made only in accordance with the Plan, the Plan Confirmation Order, and this Liquidating Trust Agreement and from the Liquidating Trust Assets (or from the income and proceeds realized from the Liquidating Trust Assets), and only to the extent that the Liquidating Trust has sufficient Liquidating Trust Assets (or income and proceeds realized from the Liquidating Trust Assets) to make such payments in accordance with and to the extent provided for in the Plan, the Plan Confirmation Order, and this Liquidating Trust Agreement. The Liquidating Trustee shall also have the power to make Distributions to holders of Claims other than General Unsecured Claims from the Debtor's assets in accordance with Articles II and III of the Plan. Any Distributions to be made by or on behalf of the Debtor or the Liquidating Trustee, as applicable, pursuant to the Plan shall be made by checks drawn on accounts maintained by the Liquidating Trustee or an electronic wire transfer, at the option of the Liquidating Trustee.

8.2 Date of Distributions. Any Distributions and deliveries to be made under the Plan with respect to Claims that are Allowed as of the Effective Date shall be made on the Effective Date or as soon thereafter as is reasonably practicable. Except as otherwise provided in the Plan or Plan Confirmation Order, any Distributions and deliveries to be made under the Plan with respect to Claims that are Allowed after the Effective Date shall be made as soon as is reasonably practicable after the date on which such Claim becomes Allowed. For Disputed Claims that have not been Allowed as of the Effective Date, any Distributions made after the Effective Date to holders of such Disputed Claims (which later become Allowed Claims after the Effective Date) shall be deemed to have been made on the Effective Date and, except as otherwise provided in the Plan, interest shall not accrue on any Claims, and no holder of a Claim shall be entitled to interest accruing on or after the Petition Date. In the event that any payment or act under the Plan is required to be made or

performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on or as soon as reasonably practicable after the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

8.3 No Distribution Pending Allowance. Notwithstanding any other provision of the Plan or this Liquidating Trust Agreement, no Distribution of Cash or other property shall be made with respect to any portion of a Disputed Claim unless and until all objections to such Claim are resolved by Final Order or as otherwise permitted by the Plan or this Liquidating Trust Agreement.

8.4 Reserve of Cash Distributions. On any date that Distributions are to be made under the terms of the Plan, the Liquidating Trustee shall reserve Cash or property equal to 100% of the Cash or property that would be distributed on such date on account of Disputed Claims as if each such Disputed Claim were an Allowed Claim but for the pendency of a dispute with respect thereto. Such Cash or property shall be held in trust for the benefit of the holders of all such Disputed Claims pending determination of their entitlement thereto.

8.5 Distributions after Allowance. Within the later of (i) seven (7) Business Days after such Claim becomes an Allowed Claim and (ii) thirty (30) days after the expiration of the Claims Objection Bar Date, the Liquidating Trustee shall distribute all Cash or other property, including any interest, dividends, or proceeds thereof, to which a holder of an Allowed Claim is then entitled.

8.6 Delivery of Distributions; Unclaimed Distributions. Except as provided in the Plan, Distributions to holders of Allowed Claims shall be made (a) the address of each holder as set forth in the Schedules, unless superseded by the address set forth on proofs of Claim filed by such holder or (b) the last known address of such holder if no proof of Claim is filed or if the Liquidating Trustee has not been notified in writing of a change of address. In the event that any Distribution to any holder of an Allowed Claim made by the Liquidating Trustee is returned as undeliverable, the Liquidating Trustee shall use commercially reasonable efforts to determine the current address of each holder, but no Distribution to such holder shall be made unless and until the Disbursing Agent has determined the then current address of such holder; provided, however, that all Distributions to holders of Allowed Claims made by the Liquidating Trustee that are unclaimed for a period of ninety (90) days after the date of the first attempted Distribution shall have its, his or her Claim for such undeliverable Distribution deemed satisfied and will be forever barred from asserting any such Claim against the Debtor or its property. Any Distributions which are undeliverable or have not been negotiated within the time period set forth above shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code and revested in the Debtor's Estate. The Liquidating Trustee shall have no further obligation to make any Distribution to the holder of such Claim on account of such Claim, and any entitlement of any holder of such Claim to any such Distributions shall be extinguished and forever barred; provided, however, that the holder of such Claim

may receive future Distributions on account of such Claim by contacting the Liquidating Trustee at some point prior to the final Distribution.

Until such time as an undeliverable Distribution becomes an unclaimed Distribution, within thirty (30) days after the end of each calendar quarter following the Effective Date, or upon such other interval as the Bankruptcy Court may order, but in no event less frequently than annually, the Liquidating Trustee shall make Distributions of all Cash and property that has become deliverable during the preceding quarter. Each such Distribution shall include the net return yielded from the investment of any undeliverable Cash, from the date such Distribution would have been due had it then been deliverable to the date that such Distribution becomes deliverable.

8.7 Withholding Taxes. Any federal, state, or local withholding taxes or other amounts required to be withheld under applicable law shall be deducted from Distributions hereunder. All Beneficiaries, as a condition to receiving any Distribution, shall provide the Liquidating Trustee with a completed and executed Form W-9.

8.8 No Distribution in Excess of Allowed Amount of Claim. Notwithstanding anything to the contrary in the Plan or herein, no Beneficiary shall receive in respect of such Claims held by the Beneficiary any Distribution in excess of the Allowed amount of such Claim. Upon a Beneficiary recovering the full amount of its Allowed Claim from another source, it thereafter shall no longer have any entitlement to receive Distributions under the Plan.

## ARTICLE IX
## TAXES

9.1 Income Tax Status. Consistent with Revenue Procedure 94-45, 1994-2 C. B. 684, the Liquidating Trust shall be treated as a liquidating trust pursuant to Treasury Regulation Section 301.7701-4(d) and as a grantor trust pursuant to IRC Sections 671-677. Accordingly, for federal income tax purposes, it is intended that the Beneficiaries be treated as if they had received a distribution from the Estate of an undivided interest in each of the Liquidating Trust Assets (to the extent of the value of their respective share in the applicable assets) and then contributed such interests to the Liquidating Trust, and the Beneficiaries will be treated as the grantors and owners thereof.

9.2 Tax Returns. The Liquidating Trustee shall file tax returns for the Liquidating Trust as a grantor trust pursuant to Treasury Regulation section 1.671-4(a) and in accordance with the Plan. The Liquidating Trust also shall annually (for tax years in which Distributions from the Liquidating Trust are made) send to each holder of a beneficial interest a separate statement setting forth the holder's share of items of income, gain, loss, deduction, or credit and all such holders shall report such items on their federal income tax returns; provided, however, that no such statement need be sent to any Class that is not expected to receive any Distribution from the Liquidating Trust. The Liquidating Trust's taxable income, gain, loss, deduction, or credit will be allocated to the Beneficiaries in accordance with their relative beneficial interests in the Liquidating Trust.

9.3 Withholding of Taxes and Reporting Related to Liquidating Trust Operations. The Liquidating Trust shall be responsible for filing all federal, state, and local tax returns for the Liquidating Trust. The Liquidating Trust shall comply with all withholding and reporting requirements imposed by any federal, state, or local taxing authority, and all distributions made by the Liquidating Trust shall be subject to any such withholding and reporting requirements. The Liquidating Trustee shall be authorized to take any and all actions that may be necessary or appropriate to comply with such withholding and reporting requirements including, without limitation, requiring that, as a condition to the receipt of a Distribution, the holder of an Allowed Claim complete the appropriate IRS Form W-8 or IRS Form W-9, as applicable to each holder. Notwithstanding any other provision of the Plan, (a) each holder of an Allowed Claim that is to receive a Distribution from the Liquidating Trust shall have the sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed on such holder by any Governmental Unit, including income and other tax obligations, on account of such Distribution, and (b) no Distribution shall be made to or on behalf of such holder pursuant to the Plan unless and until such holder has made arrangements satisfactory to the Liquidating Trustee to allow it to comply with its tax withholding and reporting requirements. Any property to be distributed by the Liquidating Trust shall, pending the implementation of such arrangements, be treated as an undeliverable Distribution to be held by the Liquidating Trustee, as the case may be, until such time as the Liquidating Trustee is satisfied with the holder's arrangements for any withholding tax obligations.

9.4 Valuations. As soon as practicable after the Effective Date, the Liquidating Trust shall make a good faith valuation of the Liquidating Trust Assets, and such valuation shall be used consistently by all parties for all federal income tax purposes. The Liquidating Trust also shall file (or cause to be filed) any other statements, returns, or disclosures relating to the Liquidating Trust that are required by any Governmental Unit for taxing purposes. The Liquidating Trust may request an expedited determination of taxes of the Liquidating Trust under section 505(b) of the Bankruptcy Code for all tax returns filed for, or on behalf of, the Debtor and the Liquidating Trust for all taxable periods through the dissolution of the Liquidating Trust.

9.5 Payment of Taxes. The Liquidating Trust shall be responsible for payments of any taxes imposed on the Liquidating Trust or the Liquidating Trust Assets.

## ARTICLE X
## TERMINATION OF LIQUIDATING TRUST

10.1 Termination of Liquidating Trust. The Liquidating Trustee shall be discharged and the Liquidating Trust shall be terminated, at such time as (i) all Disputed Claims have been resolved, (ii) all of the Liquidating Trust Assets have been liquidated, (iii) all duties and obligations of the Liquidating Trustee under the Liquidating Trust Agreement have been fulfilled, (iv) all Distributions required to be made by the Liquidating Trust under this Plan and the Liquidating Trust Agreement have been made, and (v) the Debtor's Chapter 11 Case has been closed; provided, however, that in no event shall the Liquidating Trust be dissolved later than three (3) years from the Effective Date unless the

Bankruptcy Court, upon motion within the six month period prior to the third anniversary (or the end of any extension period approved by the Bankruptcy Court), determines that a fixed period extension not to exceed one (1) year is necessary to facilitate or complete the recovery and liquidation of the Liquidating Trust Assets.

10.2    Events Upon End of Term Termination.  At the conclusion of the term of the Liquidating Trust, the Liquidating Trust shall distribute the remaining Liquidating Trust Assets, if any, to the Beneficiaries, in accordance with the Plan, the Plan Confirmation Order, and this Liquidating Trust Agreement; provided, however, that the Liquidating Trust shall not be obligated to make Distributions to a Class of Claims or Interests if the amount of the available cash is *de minimis* and is not sufficient to warrant the incurrence of costs in making the Distribution.

10.3    Winding Up and Discharge of the Liquidating Trustee.  For the purposes of winding up the affairs of the Liquidating Trust at the conclusion of its term, the Liquidating Trustee shall continue to act as Liquidating Trustee until its duties under this Liquidating Trust Agreement have been fully discharged or its role as Liquidating Trustee is otherwise terminated under this Liquidating Trust Agreement and the Plan.  Upon a motion by the Liquidating Trustee, the Bankruptcy Court may enter an order relieving the Liquidating Trustee, its agents, and employees of any further duties and discharging the Liquidating Trustee.

## ARTICLE XI
## MISCELLANEOUS PROVISIONS

11.1    Amendments.  The Liquidating Trustee may modify, supplement, or amend this Liquidating Trust Agreement without Bankruptcy Court approval (a) to clarify any ambiguity or inconsistency, or render this Liquidating Trust Agreement in compliance with its stated tax purposes, or (b) in any other way that is not inconsistent with the Plan or the Plan Confirmation Order, only if such modification, supplement, or amendment does not materially and adversely affect the interests, rights, treatment, or Distributions of or to any Beneficiaries.  All other modifications, supplements, and amendments shall require prior approval of the Bankruptcy Court.

11.2    Waiver.  No failure by the Liquidating Trust or the Liquidating Trustee to exercise or delay in exercising any right, power, or privilege hereunder shall operate as a waiver, nor shall any single or partial exercise of any right, power, or privilege hereunder preclude any further exercise thereof, or of any other right, power, or privilege.

11.3    Cumulative Rights and Remedies.  The rights and remedies provided in this Liquidating Trust Agreement are cumulative and are not exclusive of any rights under law or in equity.

11.4    No Bond Required.  Notwithstanding any state law to the contrary, the Liquidating Trustee (including any successor Liquidating Trustee) shall be exempt from giving any bond, surety, or other security in any jurisdiction.

11.5 Irrevocability. This Liquidating Trust Agreement and the Liquidating Trust created hereunder shall be irrevocable, except as otherwise expressly provided in this Liquidating Trust Agreement.

11.6 Relationship to the Plan. The principal purpose of this Liquidating Trust Agreement is to aid in the implementation of the Plan and, therefore, this Liquidating Trust Agreement incorporates and is subject to the provisions of the Plan and the Plan Confirmation Order. In the event that any provision of this Liquidating Trust Agreement is found to be inconsistent with a provision of the Plan or the Plan Confirmation Order, the provisions of the Plan or the Plan Confirmation Order, as applicable, shall control.

11.7 Division of Liquidating Trust. Under no circumstances shall the Liquidating Trustee have the right or power to divide the Liquidating Trust unless authorized to do so by the Bankruptcy Court.

11.8 Applicable Law. The Liquidating Trust and this Liquidating Trust Agreement, and the rights and obligations of the Liquidating Trustee, are to be governed by and construed and administered according to the laws of the State of Delaware; provided, however, that, except as expressly provided in this Liquidating Trust Agreement, there shall not be applicable to the Liquidating Trust, the Liquidating Trustee, or this Liquidating Trust Agreement any provisions of the laws (statutory or common) of the State of Delaware pertaining to trusts that relate to or regulate (a) the filing with any court or governmental body or agency of trustee accounts or schedules of trustee fees and charges, (b) affirmative requirements to post bonds for trustees, officers, agents, or employees of a trust, (c) the necessity for obtaining court or other governmental approval concerning the acquisition, holding, or disposition of real or personal property, (d) fees or other sums payable to trustees, officers, agents, or employees of a trust, (e) the allocation of receipts and expenditures to income or principal, (f) restrictions or limitations on the permissible nature, amount or concentration of trust investments or requirements relating to the titling, storage or other manner of holding of trust assets, or (g) the establishment of fiduciary or other standards or responsibilities or limitations on the acts or powers of trustees that are inconsistent with the limitations or liabilities or authorities and powers of the Liquidating Trustee set forth or referenced in this Liquidating Trust Agreement.

11.9 Retention of Jurisdiction. Notwithstanding the Effective Date, and to the fullest extent permitted by law, the Bankruptcy Court shall retain exclusive jurisdiction over the Liquidating Trust after the Effective Date, including, without limitation, jurisdiction to resolve any and all controversies, suits, and issues that may arise in connection therewith, including, without limitation, this Liquidating Trust Agreement, or any entity's obligations incurred in connection herewith, including without limitation, any action against the Liquidating Trustee or any professional retained by the Liquidating Trustee, in its capacity as such. Each party to this Liquidating Trust Agreement and each Beneficiary of the Liquidating Trust hereby irrevocably consents to the exclusive jurisdiction of the Bankruptcy Court in any action to enforce, interpret, or construe any provision of this Liquidating Trust Agreement or of any other agreement or document delivered in connection with this Liquidating Trust Agreement, and also hereby irrevocably

waives any defense of improper venue, forum non conveniens, or lack of personal jurisdiction to any such action brought in the Bankruptcy Court. Each party further irrevocably agrees that any action to enforce, interpret, or construe any provision of this Liquidating Trust Agreement will be brought only in the Bankruptcy Court. Each party hereby irrevocably consents to the service by certified or registered mail, return receipt requested, of any process in any action to enforce, interpret, or construe any provision of this Liquidating Trust Agreement. Notwithstanding the preceding, nothing herein shall be interpreted as requiring the commencement or prosecution of any Causes of Action in the Bankruptcy Court, and all determinations regarding the proper forum for initiating any Cause of Action shall be at the discretion of the Liquidating Trust, consistent with applicable law.

11.10 Severability. In the event that any provision of this Liquidating Trust Agreement or the application thereof to any person or circumstance shall be determined by the Bankruptcy Court to be invalid or unenforceable to any extent, the remainder of this Liquidating Trust Agreement, or the application of such provision to persons or circumstance, other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provision of this Liquidating Trust Agreement shall be valid and enforced to the fullest extent permitted by law.

11.11 Limitation of Benefits. Except as otherwise specifically provided in this Liquidating Trust Agreement, the Plan, or the Plan Confirmation Order, nothing herein is intended or shall be construed to confer upon or to give any person other than the parties hereto and the Beneficiaries any rights or remedies under or by reason of this Liquidating Trust Agreement.

11.12 Notices. All notices, requests, demands, consents, and other communication hereunder shall be in writing and shall be deemed to have been duly given to a person, if delivered in person or by facsimile or if sent by overnight mail, registered mail, certified mail or regular mail, with postage prepaid, to the following addresses:

If to the Liquidating Trustee:

Mark D. Kozel
BDO
32125 Solon Road
Cleveland, OH 44139

with a copy to

Liquidating Trustee's Counsel

[INSERT INFO]

If to a Beneficiary:

To the name and Distribution address set forth in the Register with respect to such Beneficiary.

The parties may designate in writing from time to time other and additional places to which notices may be sent.

11.13 Further Assurances. From and after the Effective Date, the parties hereto covenant and agree to execute and deliver all such documents and notices and to take all such further actions as may reasonably be required from time to time to carry out the intent and purposes of this Liquidating Trust Agreement, and to consummate the transactions contemplated hereby.

11.14 Integration. This Liquidating Trust Agreement, the Plan, and the Plan Confirmation Order constitute the entire agreement with, by, and among the parties hereto and thereto, and there are no representations, warranties, covenants, or obligations except as set forth herein, in the Plan, and in the Plan Confirmation Order. This Liquidating Trust Agreement, together with the Plan and the Plan Confirmation Order, supersede all prior and contemporaneous agreements, understandings, negotiations, and discussions, written or oral, of the parties hereto, relating to any transaction contemplated hereunder. Except as otherwise provided in this Liquidating Trust Agreement, the Plan, or Plan Confirmation Order, nothing herein is intended or shall be construed to confer upon or give any person other than the parties hereto and the Beneficiaries any rights or remedies under or by reason of this Liquidating Trust Agreement.

11.15 Interpretation. The enumeration and Section headings contained in this Liquidating Trust Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Liquidating Trust Agreement or of any term or provision hereof. Unless context otherwise requires, whenever used in this Liquidating Trust Agreement the singular shall include the plural and the plural shall include the singular, and words importing the masculine gender shall include the feminine and the neuter, if appropriate, and vice versa, and words importing persons shall include partnerships, associations, and corporations. The words herein, hereby, and hereunder and words with similar import, refer to this Liquidating Trust Agreement as a whole and not to any particular Section or subsection hereof unless the context requires otherwise. Any reference to the "Liquidating Trustee" shall be deemed to include a reference to the "Liquidating Trust" and any reference to the "Liquidating Trust" shall be deemed to include a reference to the "Liquidating Trustee" except for the references in which the context otherwise requires.

11.16 Counterparts. This Liquidating Trust Agreement may be signed by the parties hereto in counterparts, which, when taken together, shall constitute one and the same document.

[*Signature Pages Follow*]

IN WITNESS WHEREOF, the parties hereto have either executed and acknowledged this Liquidating Trust Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized representatives, all as of the date first above written.

**ABENGOA BIOENERGY BIOMASS OF KANSAS, LLC**

By: ______________________________

Name: Gerson Santos-Leon
Title: Executive Vice President

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

By: ______________________________

Name: Greg Stoppel
Title: Chairman

**MARK D. KOZEL, AS LIQUIDATING TRUSTEE**

By: ______________________________

Name: Mark D. Kozel
Title: Managing Director of BDO USA, LLC