**SO ORDERED.**

**SIGNED this 7th day of December, 2017.**



_____
Robert E. Nugent
United States Bankruptcy Judge

_____

DESIGNATED FOR ONLINE PUBLICATION ONLY

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| IN RE: | |
|---|---|
| ABENGOA BIOENERGY BIOMASS OF KANSAS, LLC. | Case No. 16-10446<br>Chapter 11 |
| **Debtor.** | |

**ORDER DENYING MISSOURI LIQUIDATING TRUSTEE'S MOTION FOR AN EXPEDITED HEARING (_DOC. 1205_) AND DENYING THE MISSOURI LIQUIDATING TRUSTEE'S MOTION TO REOPEN THE EVIDENTIARY RECORD ON THE CONFIRMATION HEARING (_DOC. 1204_)**

This matter comes before the Court on the Missouri Liquidating Trustee's (MLT) motion filed November 29, 2017 to reopen the evidentiary record on the confirmation hearing held October 25-26, 2017 to admit into evidence an intercompany demand note dated August 19, 2008 between ABBK and ABC (Abengoa Bioenergy Company, LLC) allegedly discovered on November 17, 2017 and

1

purporting to evidence ABC's intercompany loans to ABBK that are the basis for ABC's $55 million claim (Claim No. 95-1). The MLT also seeks an expedited hearing on the motion to reopen.

The Court has reviewed MLT's Motion (Doc. 1204), the accompanying declarations of Timothy Daileader (as amended December 1, 2017, Doc. 1208) and counsel David Dunn, the subject 2-page ABBK promissory note (including the attached blank "grid" incorporated in the note), and the objections of ABBK (Doc. 1211) and the Unsecured Creditors Committee (Doc. 1210) filed on December 4, 2017. The Court concludes that a hearing on MLT's Motion is unnecessary and that it can rule on the Motion based upon the parties' written submissions. Accordingly, MLT's motion for an expedited hearing is DENIED.

The Court now turns to the merits of MLT's Motion to reopen the evidentiary record to admit the ABBK note ("Note") and permit the MLT to further examine ABBK's witness Gerson Santos-Leon. The parties agree that the applicable standard for reopening the trial record for additional evidence is set forth in *Smith v. Rogers Galvanizing Co.,* 148 F.3d 1196 (10th Cir. 1998) and is committed to the "broad discretion" of the Court:

> '[t]he court should consider the time the motion is made, the character of additional [evidence] and the potential prejudicial effect in granting or denying the motion.' *Joseph v. Terminix Int'l Co.,* 17 F.3d 1282, 1285 (10th Cir. 1994). Ultimately, "fairness is the key criterion" in determining whether to reopen.

*Id.* at 1198.

*Time of Motion*

MLT's motion to reopen was filed November 29, 2017, some twelve (12) days after the Note was purportedly discovered, more than a month after the confirmation trial was concluded, and one day after the parties submitted their post-trial briefs triggering the case going under advisement. More importantly in the Court's view is whether it is proper for MLT to characterize the Note as "newly-discovered" evidence.[1] It isn't. The MLT has "always understood that this document existed" based upon information from ABBK's CFO Ms. Porras and its General Counsel, Mr. Bland, neither of whom it called to testify at the confirmation hearing.[2] Moreover, during the course of these proceedings, it was revealed that the Department of Energy required documentation or written agreements regarding intercompany agreements so one would have expected ABBK to "paper" its records with such writings. At the confirmation hearing, it was further revealed that MLT, through Mr. Daileader, had access to or physical possession of former general counsel's (Mr. Jeffrey Jones) laptop on which the Note was discovered since at least August 8, 2017 – more than two months' prior to the confirmation hearing. But as Mr. Daileader acknowledged at trial, *he never turned the Jones laptop on prior to the trial.* In short, the evidence was there and within MLT's reach but it did not search for it until after the trial. A motion to reopen is not a substitute for a party's

---

[1] Doc. 1204, p. 8.
[2] *Id.* at p. 3.

3

omitting to examine documents (or computers) it requested and received in discovery.

*Character of Evidence*

The MLT's Motion seeks to reopen the evidentiary record to admit the Note. MLT argues that the Note substantiates ABC's $55 million claim, a claim that it contends should not be separately classified from other general unsecured creditors. The Court disagrees. As has been noted repeatedly, ABC's claim and other intercompany claims were deemed allowed for purposes of confirmation, and no additional evidence regarding ABC's claim was necessary. Even if the Note were admitted, its probative value is highly questionable. It is neither linked to nor substantiates a $55 million claim. The Note is dated 2008 and is capped at $40 million, not $55 million. The attached and incorporated "grid" to the Note does not reflect any recorded loans, repayments, or loan balances under the Note as required by the Note. It is, in effect, a promissory note in the amount of $0. There was no evidence at the confirmation trial that ABC made written demand for repayment. No other repayment terms are provided by the Note. Nor does the Note indicate a purpose of any borrowings to made under the Note or describe any goods or services acquired with loan proceeds. In summary, the evidence of a note of up to potentially $40,000,000 in intercompany loans sheds little, if any, light on ABC's claim. At most, it indicates a 2008 writing exists regarding an authorized potential intercompany borrowing of $40 million.

*Prejudice*

MLT's request to reopen simply delays my determining whether ABBK's liquidating plan should be confirmed. This straightforward liquidating chapter 11 case has already been complicated by MLT's last minute proposal of a competing plan the creditors soundly rejected, voluminous and contentious discovery, and MLT's failed attempt to disqualify one of debtor's counsel on the eve of trial. Since the confirmation trial, the MLT has sought to disqualify all of debtor's attorneys. Had MLT devoted a fraction of the time it spent on these efforts to examining the Jones laptop that it had for more than two months before trial, this piece of "highly relevant" evidence might have surfaced before trial.[3] That MLT didn't do that is no reason to reopen the evidentiary record.

Just as every dollar spent on professionals in this case detracts from the creditors' distribution, extraneous matters like this one distract me and the parties from the critical business of deciding the actual controversy. The MLT's motion to reopen the evidentiary record and admit the Note and examine witnesses with respect to the Note is DENIED. A motion to reconsider is strongly discouraged.

### 

---

[3] *Id.* at p. 2.

5