# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| ABENGOA BIOENERGY BIOMASS OF KANSAS, LLC, | ) |
| | ) Case No. 16-10446 |
| | ) |
| Debtor. | ) Judge Dale L. Somers |
| | ) |

## MOTION OF MARK D. KOZEL, AS LIQUIDATING TRUSTEE FOR THE ABBK LIQUIDATING TRUST, TO CLOSE CHAPTER 11 CASE PURSUANT TO 11 U.S.C. § 350(A) AND BANKRUPTCY RULE 3022, AND TO SET DATE FOR THE TERMINATION OF THE TRUST AND DISCHARGE OF THE TRUSTEE

Mark D. Kozel, as Liquidating Trustee (the "Trustee") for the ABBK Liquidating Trust (the "ABBK Trust"), files this motion (the "Motion") seeking entry of a final decree, substantially in the form attached hereto as Exhibit B (the "Final Decree"): (i) closing this Chapter 11 case (the "Case"); (ii) setting March 30, 2021 as the date on which the ABBK Trust shall automatically terminate and the Trustee shall automatically be discharged; and (iii) providing certain related relief. In support of this Motion, the Trustee respectfully states as follows:[1]

### INTRODUCTION

1. Abengoa Bioenergy Biomass of Kansas, LLC (the "Debtor") was the owner of an experimental bioethanol plant in western Kansas. Following massive cost overruns and technological issues, the Debtor was pushed into an involuntary bankruptcy, converted that case to a voluntary Chapter 11 bankruptcy, and proceeded to market its assets for sale. Initially, the Debtor anticipated that the plant would be sold for scrap value, producing a recovery of only pennies on the dollar for general unsecured creditors. Through the hard work of the Debtor and the Official Committee of General Unsecured Creditors, the plant was sold following a competitive

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the *Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* (Doc. 811) (the "Plan").

1

auction for $48,500,000.00. After consensually resolving and paying substantial claims asserted by numerous mechanics' lien claimants, and resolving significant disputes with the Department of Energy, the Debtor then proposed a liquidating plan to distribute the remaining sale proceeds to the Debtor's unaffiliated creditors.

2. Drivetrain, LLC, the post-confirmation liquidating trustee of several of the Debtor's affiliates in their own bankruptcy cases in Missouri, objected to the Debtor's Plan and various related requests for relief. Thereafter, the Debtor and the Committee—and, later, the Trustee—engaged in litigation with Drivetrain. The estate prevailed in that litigation. Drivetrain appealed several decisions made by Judge Nugent, including Judge Nugent's order confirming the Plan. The last of the appeals initiated by Drivetrain were recently resolved by final, non-appealable order in favor of the Trustee. Thus, the Trustee will soon make a final distribution to general unsecured creditors, bringing their total recovery to sixty-six percent (66%).[2] With all assets of the ABBK Trust administered and the other duties of the Trustee substantially complete, all that remains is for this Court to enter the Final Decree closing the Case, and setting a date on which the ABBK Trust shall terminate and the Trustee shall be discharged.

## JURISDICTION

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief requested in this Motion are sections 105 and 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 3022, and LBR 3022.1.

---

[2] This recovery was paid out over the first interim distribution (50%), the second interim distribution (11.3%) and the final distribution (4.8%). *See* Exhibit A at ¶ 7.

2

## RELIEF REQUESTED

6. By this Motion, the Trustee respectfully requests entry of the Final Decree closing the Case, and setting March 30, 2021 as the date on which the ABBK Trust shall automatically terminate and the Trustee shall automatically be discharged.[3]

## BACKGROUND

7. On March 23, 2016, creditors filed an involuntary Chapter 7 bankruptcy case against the Debtor in this Court. The Debtor's case was later converted to a Chapter 11 case by this Court's order dated April 8, 2016 (Doc. 33).

8. On October 12, 2016, the Debtor filed the *Motion of the Debtor for Entry of an Order (I)(A) Approving and Authorizing Bidding Procedures in Connection with the Sale of Substantially All of the Debtor's Assets, (B) Approving Stalking Horse Protections, (C) Approving Procedures Related to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (D) Approving the Form and Manner of Notice Thereof, and (II)(A) Authorizing the Sale of Substantially All of the Debtor's Assets Free and Clear of all Liens, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (C) Granting Related Relief* (Doc. 467) (the "Sale Motion").

9. The Sale Motion requested, among other things, authority to sell substantially all the Debtor's assets free and clear of all liens pursuant to certain bidding procedures. In accordance with those bidding procedures, an auction was held on November 21, 2016 (the "Auction"). Synata Bio, Inc. (the "Purchaser") was declared the successful bidder at the Auction.

10. On November 29, 2016, the Court entered the *Order (A) Approving and Authorizing the Sale of Substantially All of the Debtor's Assets to Synata Bio, Inc. Free and Clear*

---

[3] The ABBK Trustee will complete certain duties and tasks that will remain to be accomplished post Final Decree and, as applicable, following the close of the Trust, as detailed further in this Motion.

3

*of All Liens, Claims, Encumbrances and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Expired Leases, and (C) Granting Related Relief* (Doc. 578) (the "Sale Order").

11. Pursuant to the Sale Order, the Court authorized the Debtor to sell the Purchased Assets (as defined in the Sale Order), free and clear of all liens, to the Purchaser. Among other consideration received, the sale included cash consideration equal to $48,500,000.00, a portion of which later became Liquidating Trust Assets.

12. On April 14, 2017, the Debtor filed the Plan.

13. On July 7, 2017, Drivetrain, LLC, as liquidating trustee for certain affiliates of the Debtor in their separate bankruptcy cases in the United States Bankruptcy Court for the Eastern District of Missouri, objected to confirmation of the Plan. *See* Doc. 931.

14. On October 15, 2017, the Debtor filed the *Notice of Supplement to the Debtor's Plan of Liquidation* (Doc. 1108) (the "Plan Supplement"). The Plan Supplement included a copy of the *Liquidating Trust Agreement* (the "Liquidating Trust Agreement") and identified the Trustee as the Liquidating Trustee.

15. On March 29, 2018, this Court entered the *Order Confirming Debtor's Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* (Doc. 1394) (the "Confirmation Order"), pursuant to which the Court approved the Plan over Drivetrain's objection. The Effective Date of the Plan occurred on March 30, 2018. *See* Doc. 1397.

16. Among other things, the Plan established the ABBK Trust and appointed the Trustee as Liquidating Trustee (Plan, Art. IV(A)-(B)). The Plan vested certain powers in the Trustee, including without limitation, the authority and responsibility to: (a) receive, manage, invest, supervise, and protect the Liquidating Trust Assets; (b) pay taxes or other obligations

4

incurred by the ABBK Trust; (c) retain and compensate, without further order of the Bankruptcy Court, the services of employees, professionals and consultants to advise and assist in the reasonable administration, prosecution and distribution of Liquidating Trust Assets; (d) calculate and implement Distributions of Liquidating Trust Assets; (e) investigate, prosecute, compromise, and settle, in accordance with the specific terms of the Liquidating Trust Agreement, Causes of Action vested in the ABBK Trust; (f) resolve issues involving Claims and Interests in accordance with the Plan; and (g) undertake all administrative functions of the Case, including the payment of fees payable to the United States Trustee and the ultimate closing of the Debtor's Chapter 11 Case. *See* Plan, Art. IV(F)(1).

17. The Plan and Liquidating Trust Agreement provide that the Trustee shall be discharged and the ABBK Trust shall be terminated, at such time as: (i) all Disputed Claims have been resolved; (ii) all of the Liquidating Trust Assets have been liquidated; (iii) all duties and obligations of the Trustee under the Liquidating Trust Agreement have been fulfilled; (iv) all Distributions required to be made by the ABBK Trust under the Plan and the Liquidating Trust Agreement have been made; and (v) the Case has been closed. *See* Plan, Art. IV(K) and Liquidating Trust Agreement, § 10.1.

18. Drivetrain appealed entry of the Confirmation Order to the United States District Court for the District of Kansas (the "District Court"), which was assigned District Court Case Number 6:18-cv-01055 (the "Main Appeal"). On October 10, 2018, the District Court dismissed the Main Appeal as equitably moot. *See* Dist. Ct. Case 6:18-cv-01055, Doc. 65. Drivetrain filed two appeals to the United States Court of Appeals for the Tenth Circuit (the "Tenth Circuit") from the dismissal order of the District Court in the Main Appeal and the District Court's denial of a stay of the Confirmation Order, which appeals were assigned Tenth Circuit Case Numbers 18-

3120 and 18-3218 (the "Tenth Circuit Appeals"). On May 5, 2020, the Tenth Circuit issued a decision in the Tenth Circuit Appeals affirming the District Court's denial of a stay of the Confirmation Order and dismissal of the Main Appeal as equitably moot. Drivetrain did not seek rehearing or *en banc* review by the Tenth Circuit nor did Drivetrain file a petition for certiorari with the United States Supreme Court, and the time for Drivetrain to seek any such relief expired as of August 3, 2020.

19. Drivetrain also appealed certain other orders of this Court to the District Court in Case Numbers 6:18-cv-1125 and 6:18-cv-1135 (the "Related Appeals"). On October 2, 2020, the District Court dismissed the Related Appeals with prejudice pursuant to its enforcement of a prior stipulated order that the Related Appeals would be dismissed if the District Court's dismissal of the Main Appeal became a final, non-appealable order. *See* Dist. Ct. Case No. 6:18-cv-1125, Docs. 19 & 20. The District Court's order dismissing the Related Appeals became a final, non-appealable order on October 16, 2020.

20. Following the decision of the Tenth Circuit and the District Court's dismissal of the Related Appeals, the Trustee has proceeded to wind up the ABBK Trust, including paying remaining fees of his professionals and all other outstanding expenses of the ABBK Trust, arranging for a final distribution of the remaining assets of the ABBK Trust to general unsecured creditors of the Debtor for a total distribution[4] to general unsecured creditors of sixty-six percent (66%), and preparing his final quarterly report pursuant to the terms of the Plan and Liquidating Trust Agreement, which will be timely filed following the entry of the Final Decree. *See* Declaration of Mark Kozel, attached hereto as **Exhibit A**, at ¶ 5. The only duties of the Trustee that will or may remain are to make certain required tax filings for the ABBK Trust, close the

---

[4] This recovery was paid out over the first interim distribution (50%), the second interim distribution (11.3%) and the final distribution (4.8%). *See* Exhibit A at ¶ 7.

6

ABBK Trust's bank account, and potentially attend to any additional distribution or donation of assets if any of the final distribution checks come back unclaimed as well as any final ministerial duties, if and as applicable. *See* Ex. A at ¶ 6.

## BASIS FOR RELIEF REQUESTED

### A. The Case Should Be Closed Because the Debtor's Estate Has Been Fully Administered.

21. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Bankruptcy Rule 3022, in implementing section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

22. The term "fully administered" is not defined by either the Bankruptcy Code or the Bankruptcy Rules. The Notes of the Advisory Committee on the 1991 amendments to Bankruptcy Rule 3022 set forth certain factors that courts should consider when evaluating whether a case has been fully administered, namely:

(a) whether the order confirming the plan has become final;

(b) whether deposits required by the plan have been distributed;

(c) whether the property proposed by the plan to be transferred has been transferred;

(d) whether the debtor or the successor of the debtor under the plan has assumed the business or management of the property dealt with by the plan;

(e) whether payments under the plan have been commenced; and

(f) whether all motions, contested matters, and adversary proceedings have been finally resolved.

*See also In re Union Home & Indus.*, 375 B.R. 912, 917 (BAP 10th Cir. 2007) (finding that these factors "are not considered exhaustive, nor must a party demonstrate all of the factors, before the

7

court may find a case to be fully administered"); LBR 3022.1(b)(1)-(6) (requiring a motion for a final decree to address the above-mentioned factors).

23. The foregoing factors weigh strongly in favor of closing the Case. The Plan has been "substantially consummated" in accordance with section 1101 of the Bankruptcy Code. *See* Tenth Circuit Case No. 18-3120, Doc. 010110343146 at 15 (finding that substantial consummation has occurred). The Confirmation Order became a final, non-appealable order on August 3, 2020, after Drivetrain failed to file a petition for certiorari with the Supreme Court seeking review of the Tenth Circuit's decision affirming the District Court's dismissal of Drivetrain's appeal from the Confirmation Order. All other motions, contested matters, and adversary proceedings have now been resolved by final, non-appealable orders. All deposits and transfers contemplated by the Plan have been made, all Liquidating Trust Assets have vested in the Trustee and, after payment of the reasonable incurred and anticipated administrative expenses of the ABBK Trust, the Trustee will distribute all of the remaining Liquidating Trust Assets in payment of the claims of general unsecured creditors. *See* Kozel Decl. at ¶¶ 4-5. Keeping the Case open at this point serves no meaningful purpose.

24. In addition to the above factors, LBR 3022.1(b)(7) through (9) require a motion for a final decree to include information concerning "whether all fees due under 28 U.S.C. § 1930 are paid," "a summary of professional fees awarded in the case," and "the percentage paid to unsecured creditors." In compliance with those requirements, the Trustee confirms that all fees due and owing under 28 U.S.C. § 1930 have been paid to date and that the remaining fees that become due will be paid in accordance with the terms of the proposed order on this Motion, and that the <u>total percentage</u>[5] of recovery paid to holders of allowed general unsecured claims will be sixty-six

---

[5] This recovery was paid out over the first interim distribution (50%), the second interim distribution (11.3%) and the final distribution (4.8%). *See* Exhibit A at ¶ 7.

8

percent (66%). Kozel Decl. at ¶ 5. A summary of professional fees and expenses awarded by the Court through the effective date of the Plan are as follows:

| **Professional** | **Total Fees** | **Total Expenses** |
|---|---|---|
| Ocean Park Advisors, LLC | $500,000.00 | $33,637.52 |
| DLA Piper LLP (US) | $2,365,175.75 | $95,512.52 |
| Drinker Biddle & Reath LLP | $355,638.25 | $4,907.71 |
| Armstrong Teasdale LLP | $762,102.50 | $96,721.37 |
| Baker & Hostetler LLP | $1,898,270.00 | $38,653.44 |
| Robert L. Baer | $2,655.00 | $450.00 |
| Melcap Partners LLC | $15,212.50 | $0.00 |
| Josh Barker | $20,100.00 | $0.00 |
| J. Talbot Sant, Jr. | $1,561.00 | $304.00 |
| Total[6] | $5,920,715.00 | $270,186.56 |

*See* Docs. 648, 795, 1564, 1565, 1566, 1577, 1579, 1581, and 1582.

25. Although the Trustee does not interpret LBR 3022.1(b)(8) as requiring a summary of post-Effective Date professional fees (which do not require Court approval under the terms of the Plan and Liquidating Trust Agreement), nonetheless, the Trustee discloses that a total of $3,600,333.31 in professional fees and expenses[7] were or will be paid by the ABBK Trust following the Effective Date, which payments were set forth in further detail in the quarterly post-confirmation reports previously filed by the Trustee and will be reflected in the next Post-

---

[6] A small portion of the fees and expenses awarded by the Court were paid by the ABBK Trust following the Effective Date of the Plan.

[7] This amount includes payments made to KEIP recipients and some pre-Effective Date work paid by the ABBK Trust.

Confirmation Quarterly Operating Report, which will be timely filed following the entry of the Final Decree. *See* Docs. 1590, 1608, 1611, 1613, 1616, 1617, 1619, 1620, 1624; *see also* Exhibit A at ¶ 7. These amounts include payment to the Trustee, his counsel and his other professionals for any matters to be handled after the date the Case is closed, including making required tax filings and attending to any additional distribution or donation of assets if any of the final distribution checks come back unclaimed. *Id.* at ¶ 6.

26. Accordingly, the Trustee respectfully requests this Court close the Case by entering the Final Decree.

### B. The Requirements for Discharging the Trustee and Terminating the ABBK Trust Have Been Satisfied.

27. As stated above, the Plan and Liquidating Trust Agreement require that the Liquidating Trustee be discharged and the ABBK Trust be terminated once: (i) all Disputed Claims have been resolved; (ii) all Liquidating Trust Assets have been liquidated; (iii) the Liquidating Trustee has fulfilled all of its duties and obligations under the Liquidating Trust Agreement; (iv) all Distributions required to be made under the Plan and Liquidating Trust Agreement have been made; and (v) the Case is closed. *See* Plan, Art. IV(K) and Liquidating Trust Agreement, § 10.1.

28. Most of these requirements will be satisfied once the Court enters the Final Decree. There are certain administrative tasks that the Trustee will or may need to attend to after the closing of the Case, including, but not limited to, making certain required tax filings, potentially attending to any additional distribution or donation of assets if any of the final distribution checks come back unclaimed, closing the ABBK Trust's bank account, and any other ministerial duties as may be required to attend to the closure of the ABBK Trust. *See* Exhibit A at ¶ 6. The Trustee has already compensated himself, his counsel and his other professionals for costs related to those tasks. *Id.*

29. Thus, once the Final Decree is entered, the ABBK Trust will need to remain in existence only to ensure that none of the final distribution checks comes back unclaimed[8] (in which case, the Trustee will have to redistribute those funds to the other creditors or, if the amount unclaimed is *de minimus*, donate them to charity in accordance with the terms of the Plan). The termination of the ABBK Trust on March 30, 2021 will provide sufficient time to determine if any distribution comes back as unclaimed and, if so, to redistribute or donate such unclaimed funds in accordance with the terms of the Plan.[9]

30. Accordingly, the Trustee respectfully requests this Court order as part of the Final Decree that on March 30, 2021, the ABBK Trust shall automatically terminate and the Trustee shall automatically be discharged.[10]

## NOTICE

31. Notice of this Motion has been given to: (a) the Office of the United States Trustee for the District of Kansas, (b) any party that has requested notice pursuant to Bankruptcy Rule 2002, and (c) the creditors holding the largest 20 unsecured claims. The Trustee submits that under LBR 3022.1(c), and in light of the nature of the relief requested, no other or further notice need be given.

---

[8] The Trustee may also—but is not required to by the Plan—remail checks to claimants where checks have been returned by the USPS as being undeliverable as addressed, and where an updated address can be determined to facilitate the forwarding of such checks in a timely manner.

[9] Under Section 10.1 of the Liquidating Trust Agreement, the ABBK Trust must terminate within three years from the Plan's Effective Date (*i.e.*, by March 30, 2021) without further extension approved by the Court.

[10] The Trustee has already made provision for the making of certain required tax filings that will be due later in 2021. The Trustee does not believe the ABBK Trust needs to continue in existence at the time such filings are made. Nevertheless, out of an abundance of caution, the Trustee has included in the proposed order on this Motion the express authority for the Trustee to take such actions after the termination of the ABBK Trust (as well as other ministerial actions related to the wind-up of the ABBK Trust, such as closing the ABBK Trust's bank account) and that the ABBK Trust shall continue to exist after termination solely to the extent necessary for the Trustee to take such actions.

11

## NO PRIOR REQUEST

32.  No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Trustee respectfully requests that the Court enter the Final Decree, substantially in the form of **Exhibit B** attached hereto, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: November 23, 2020

Respectfully submitted,

/s/ *Bruce J. Woner*
Bruce J. Woner, KS #10297
WONER, REEDER & GIRARD, P.A.
5611 SW Barrington Court South
P.O. Box 67689
Topeka, KS 66607-0689
Telephone: (785) 235-5330
Facsimile: (785) 235-1615
Email: woner@wrglaw.com

-and-

Michael A. VanNiel (OH #0073948)
(admitted *pro hac vice*)
Adam L. Fletcher (OH #0085201)
(admitted *pro hac vice*)
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, Ohio 44114-1214
Phone: (216) 621-0200
Facsimile: (216) 696-0740
mvanniel@bakerlaw.com
afletcher@bakerlaw.com

*Counsel for Mark D. Kozel, as Liquidating Trustee for the ABBK Liquidating Trust*

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

/s/ *Bruce J. Woner*
Bruce J. Woner

Exhibit "A"

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:                                  )
                                        )   Chapter 11
ABENGOA BIOENERGY BIOMASS OF            )
KANSAS, LLC,                            )   Case No. 16-10446
                                        )
        Debtor.                         )   Judge Dale L. Somers
                                        )

## DECLARATION OF MARK D. KOZEL

I, Mark D. Kozel, declare and state as follows:

1. I am the duly appointed Liquidating Trustee[1] of the ABBK Liquidating Trust.

2. I have personal knowledge of the facts set forth herein by virtue of my position as the Liquidating Trustee.

3. I submit this declaration in support of the *Motion of Mark D. Kozel, as Liquidating Trustee for the ABBK Liquidating Trust, to Close Chapter 11 Case Pursuant to 11 U.S.C. § 350(A) and Bankruptcy Rule 3022, and to Set Date for the Termination of the Trust and Discharge of the Trustee* (the "Motion"), filed contemporaneously herewith.

4. All deposits and transfers contemplated by the Plan have been made and all Liquidating Trust Assets have vested in me, in my capacity as the Liquidating Trustee.

5. By the time of the hearing on the Motion, I will have wound up the affairs of the ABBK Liquidating Trust and have fulfilled substantially all duties that the Liquidating Trustee is charged with under the Plan, the Liquidating Trust Agreement and the Confirmation Order, including, without limitation:

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the *Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* (Doc. 811) (the "Plan") filed in the above-captioned case.

1

a. paying outstanding fees of professionals retained by the ABBK Liquidating Trust and all other outstanding expenses of the ABBK Liquidating Trust;

b. paying all fees due and owing under 28 U.S.C. § 1930 and reserving sufficient additional funds for the payment of any such remaining fees that become due, which will be promptly paid in accordance with the terms of the proposed order on the Motion;

c. distributing the remaining assets of the ABBK Liquidating Trust to general unsecured creditors of the Debtor for a <u>total distribution</u> to general unsecured creditors of sixty-six percent (66%), which recovery was paid out over the first interim distribution (50%), the second interim distribution (11.3%) and the final distribution (4.8%); and

d. preparing the final quarterly post-confirmation report, which will be timely filed following the entry of the Final Decree.

6. There are certain tasks that I will or may need to attend to after the closing of the Case or the termination of the ABBK Trust, such as making certain required tax filings, closing the ABBK Trust's bank account, potentially attending to any additional distribution or donation of assets if any of the final distribution checks come back unclaimed (the Trustee may also—but is not required to by the Plan—remail checks to claimants where checks have been returned by the USPS as being undeliverable as addressed, and where an updated address can be determined to facilitate the forwarding of such checks in a timely manner), and any other ministerial duties that may be necessary. I have already paid or have reserved sufficient funds to pay myself, my counsel, and my other professionals to attend to all such matters.

7. A total of $3,600,333.31 in professional fees and expenses have been or will be paid by the ABBK Trust following the Effective Date through the date that the Final Decree is entered, which amount includes payments made to KEIP recipients and some pre-Effective Date work paid by the ABBK Trust as detailed in the previously filed quarterly reports.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of NOVEMBER, 2020, in the United States of America.

Mark D. Kozel

Exhibit "B"

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re: )
) Chapter 11
ABENGOA BIOENERGY BIOMASS OF )
KANSAS, LLC, ) Case No. 16-10446
)
Debtor. ) Judge Dale L. Somers
)

**FINAL DECREE CLOSING CHAPTER 11 CASE PURSUANT TO 11 U.S.C. § 350(A) AND BANKRUPTCY RULE 3022, AND SETTING DATE FOR THE TERMINATION OF THE TRUST AND DISCHARGE OF THE TRUSTEE**

Upon the motion (the "Motion")[1] of Mark D. Kozel, as Liquidating Trustee (the "Trustee") for the ABBK Liquidating Trust (the "ABBK Trust"), for entry of a final decree (this "Final Decree") closing the Case, setting a date for the termination of the ABBK Trust and discharge of the Trustee, and granting related relief, all as more fully set forth in the Motion; and it appearing that the relief requested is in the best interests of the Debtor's estates, its creditors, and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been adequate and appropriate under the circumstances; and having found that the Trustee has fulfilled, or made sufficient provision for the fulfillment, of all of his duties and obligations as Trustee; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted.

2. The Case is hereby closed.

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

3.  The ABBK Trust shall automatically terminate and the Trustee shall automatically be discharged effective March 30, 2021 (the "Termination Date"); provided, however, that the Trustee shall have the authority to take such further actions after the Termination Date as he deems reasonably necessary to wind up the affairs of the ABBK Trust, including, without limitation, to comply with all tax reporting obligations of the ABBK Trust (such as the filing of any tax returns or other required documents or information with any taxing authority, and providing any required documents or information to beneficiaries of the ABBK Trust) and to close the bank account of the ABBK Trust, and the ABBK Trust shall be deemed to continue to exist after the Termination Date solely to the extent necessary for the Trustee to take such actions.

4.  Entry of this Final Decree is without prejudice to the rights of the Debtor, the ABBK Trust, the Trustee, or any other party in interest to: (a) seek to reopen the Case for good cause shown in accordance with section 350(b) of the Bankruptcy Code; (b) to seek to extend the duration of the ABBK Trust beyond the Termination Date so long as such request to extend the duration of the ABBK Trust is made before the occurrence of the Termination Date; or (c) to seek to reopen the ABBK Trust after the Termination Date if the Case is subsequently reopened pursuant to section 350(b) of the Bankruptcy Code.

5.  This Court will retain jurisdiction to enforce or interpret its own orders pertaining to this Case.

6.  For the purposes of calculating quarterly fees payable to the Office of the United States Trustee for the District of Kansas in accordance with 28 U.S.C. § 1930(a)(6), all disbursements made in the fourth quarter of 2020 will be included in the calculation, and the Trustee shall pay these amounts promptly.

2

Case 16-10446    Doc# 1626    Filed 11/23/20    Page 18 of 19

7. The Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

Dated: _____

_____
UNITED STATES BANKRUPTCY JUDGE

Submitted by:

/s/ *Bruce J. Woner*
Bruce J. Woner, KS #10297
WONER, REEDER & GIRARD, P.A.
5611 SW Barrington Court South
P.O. Box 67689
Topeka, KS 66607-0689
Telephone: (785) 235-5330
Facsimile: (785) 235-1615
Email: woner@wrglaw.com

-and-

Michael A. VanNiel (OH #0073948)
    (admitted *pro hac vice*)
Adam L. Fletcher (OH #0085201)
    (admitted *pro hac vice*)
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, Ohio 44114-1214
Phone: (216) 621-0200
Facsimile: (216) 696-0740
mvanniel@bakerlaw.com
afletcher@bakerlaw.com

*Counsel for Mark D. Kozel, as Liquidating Trustee for the ABBK Liquidating Trust*